UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUBEN A. LUNA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CARBONITE, INC., et al., <br><br> Defendants. | No. 1:19-cv-11662-LTS <br><br> <u>CLASS ACTION</u> |
| WILLIAM FENG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CARBONITE, INC., et al., <br><br> Defendants. | No. 1:19-cv-11808-LTS <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**

**I.    PRELIMINARY STATEMENT**

Of the five competing motions filed by putative class members seeking appointment as lead plaintiff, only the Construction Industry and Laborers Joint Pension Trust's ("Pension Trust") motion remains.[1]  Moreover, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Pension Trust is the "most adequate plaintiff."  15 U.S.C. §78u-4(a)(3)(B).

Indeed, the Pension Trust possesses the largest financial interest in the relief sought by the class, and also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Pension Trust has also selected counsel experienced in prosecuting securities class actions, Robbins Geller Rudman & Dowd LLP.  By contrast, none of the competing movants satisfy the PSLRA's requirements because they did not suffer the largest loss, nor can they rebut the presumption in the Pension Trust's favor.

Accordingly, because the competing movants cannot trigger the presumption and cannot rebut it, the Pension Trust is entitled to the PSLRA's "most adequate plaintiff" presumption and should be appointed as Lead Plaintiff and its choice of Lead Counsel should be approved.  The competing motions should be denied.

**II.   ARGUMENT**

In determining the "most adequate plaintiff," the PSLRA provides that:

---

[1]  The competing motions were filed by: (1) the Pension Trust (ECF No. 10); (2) Camelot Event Driven Fund, A Series of Frank Funds Trust ("Camelot") (ECF No. 13); (3) Tom Johnatan Or-Paz (ECF No. 7); (4) Peoria Police Pension Fund ("Peoria Police") (ECF No. 20); and (5) Peter Wu (ECF No. 17). On October 3, 2019, Peter Wu filed a notice of non-opposition, acknowledging that he "does not have the largest financial interest" in the two related above-captioned actions (the "Related Actions"). ECF No. 29 at 2.  Similarly, on October 7, 2019, Tom Johnatan Or-Paz filed a withdrawal of his motion, which was ordered by the Court on October 10, 2019. ECF Nos. 31 at 2; 32. Finally, on October 15, 2019, Camelot filed a notice of non-opposition and Peoria Police filed a notice acknowledging that "it does not have the largest financial interest in this case." ECF Nos. 33; 34 at 2.  All of the movants agree that the Related Actions should be consolidated.

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). "This presumption may be rebutted with *proof* by a member of the purported class that the person identified as the most adequate plaintiff either will not fairly and adequately represent the class or is subject to unique defenses." *Local No. 8 IBEW Ret. Plan v. Vertex Pharm. Inc.*, 52 F. Supp. 3d 337, 340 (D. Mass. 2014) (emphasis added) (citing 15 U.S.C. §78u–4(a)(3)(B)(iii)(II)).

As demonstrated herein, the Pension Trust is the presumptively "most adequate plaintiff" because it is the movant that has the largest financial interest and also satisfies the requirements of Rule 23.

### A. The Competing Movants Cannot Trigger the PSLRA "Most Adequate Plaintiff" Presumption

"The PSLRA does not provide any method for determining the 'largest financial interest.'" *Leech v. Brooks Automation, Inc.*, No. 06-11068-RWZ, 2006 WL 3690736, at *2 (D. Mass. Dec. 13, 2006) (citation omitted). "To determine the largest financial interest, '[m]any courts . . . have considered "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period."'" *Bowers v. Tesaro Inc.*, No. 18-cv-10086-ADB, 2018 WL 2089358, at *1 (D. Mass. May 4, 2018) (citation omitted). Importantly, "[a]pproximate loss is generally considered 'the most important factor.'" *Id.* (citation omitted).

Under any of these factors, including the most important factor (loss), the Pension Trust suffered the greatest financial interest in the relief sought by the class:

| MOVANT | SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | LOSS SUFFERED |
|---|---|---|---|---|
| Pension Trust | 14,025 | 14,025 | $359,323 | $148,338 |
| Camelot | 10,000 | 10,000 *(sold 100 options)* | $241,000 *(received $9,000 from selling 100 options)* | $90,566 *(received $9,000 from selling 100 options)* |
| Peoria Police | 3,700 | 3,700 | $94,800 | $39,140 |

Pursuant to the PSLRA's sequential process, having identified the Pension Trust as the movant with the largest financial interest, the Court proceeds by assessing whether the Pension Trust "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "In deciding a motion to serve as lead plaintiff, a court need only make findings as to the typicality and adequacy of the proposed lead plaintiff . . . . Those findings need only be 'preliminary.'" *Local No. 8*, 52 F. Supp. 3d at 341 (citation omitted). The Pension Trust satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff. *See* ECF No. 11 at 6-8.

The Pension Trust meets Rule 23's typicality requirement because its claims "arise from the same course of events and involve the same legal theory as to the claims of the rest of the class," namely, it: (1) purchased Carbonite, Inc. securities during the Class Period; (2) purchased Carbonite securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. *Local No. 8*, 52 F. Supp. 3d at 341; ECF No. 11 at 7. Likewise, the Pension Trust meets Rule 23's adequacy requirement because its interests in the Related Actions are clearly aligned with the interests of the other members of the class, and there is no evidence of any antagonism between the Pension Trust and the other class members. *Local No. 8*, 52 F. Supp. 3d at 341; ECF No. 11 at 7. Indeed, the Pension Trust – as a sophisticated

institutional investor – is the preferred lead plaintiff candidate pursuant to the PSLRA. *Leech*, 2006 WL 3690736, at *3 ("courts have recognized that the PSLRA favors the selection of large institutional investors as lead plaintiff"). The Pension Trust has also taken the significant step of retaining competent and experienced counsel to prosecute the claims alleged in the complaints, thus demonstrating that it will protect the interests of the class. *See* ECF No. 11 at 8-9. Thus, the Pension Trust has triggered the PSLRA's "most adequate plaintiff" presumption.

To rebut the strong presumption in favor of appointing the Pension Trust as lead plaintiff, the PSLRA requires "proof" that the Pension Trust "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render it incapable of adequately representing the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).[2] Here, the competing movants cannot offer any such proof. Accordingly, the Court should grant the Pension Trust's lead plaintiff motion and deny the competing motions.

### III.    CONCLUSION

None of the competing movants possess the largest financial interest. Nor can any competing movant prove that the Pension Trust is either inadequate or subject to unique defenses. Consequently, none of the competing movants can trigger the PSLRA's most adequate plaintiff presumption. As such, each of the competing motions should be denied.

---

[2] If any of the remaining competing movants oppose the Pension Trust's motion, the Pension Trust respectfully reserves the right to seek leave of Court to reply to any arguments raised.

DATED:  October 15, 2019   Respectfully submitted,

HUTCHINGS BARSAMIAN MANDELCORN, LLP
THEODORE M. HESS-MAHAN, BBO #557109


/s/ Theodore M. Hess-Mahan
THEODORE M. HESS-MAHAN

110 Cedar Street, Suite 250
Wellesley Hills, MA  02481
Telephone:  781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
VINCENT M. SERRA
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
vserra@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 15, 2019.

/s/Theodore M. Hess-Mahan
Theodore M. Hess-Mahan