UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RUBEN A. LUNA, individually and on behalf of
all others similarly situated,

                   Plaintiff,

          v.

CARBONITE, INC., MOHAMAD S. ALI and
ANTHONY FOLGER,

                  Defendants.

:
:
:
:
:
:
:
:
:
:

Civil Action
No. 19-11662-LTS
(Consolidated)

**JURY TRIAL DEMANDED**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' ANSWER TO THE CONSOLIDATED
AMENDED COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS**

       Defendants Carbonite, Inc., Mohamad S. Ali, and Anthony Folger (collectively,

"Defendants"), by their undersigned counsel, hereby answer Plaintiff's Consolidated Amended

Complaint For Violations Of Federal Securities Laws (ECF No. 45, the "Complaint") upon

knowledge as to themselves and their own acts and otherwise upon information and belief as

follows:

**PRELIMINARY STATEMENT**

       The Defendants deny each and every allegation, statement, and matter not

expressly admitted or qualified herein.  The Defendants also deny allegations contained in

headings (which, for the avoidance of confusion, are included herein only to identify numbering

of sections and not to the extent they contain any statements or allegations), footnotes, or

unnumbered paragraphs in the Complaint.  The Defendants further deny that Plaintiff is entitled

to either the relief requested in its prayer for relief or a trial by jury.  The Defendants expressly

reserve the right to supplement these responses and expressly reserve any and all defenses that may be available.

## NATURE OF THE ACTION

1.     Defendants aver that the allegations contained in Paragraph 1 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 1 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

2.     Defendants admit that Carbonite "is a software company providing cloud-based backup services and data protection solutions for consumers and small businesses," and "offers a number of data protection and data backup products," but deny that the allegations in Paragraph 2 fully summarize Carbonite's business.  Answering further, Defendants aver that the phrase "added to its menu through a wave of recent acquisitions" is too vague to be susceptible of response.

3.     Defendants deny the allegations contained in Paragraph 3, except admit that the release of the Carbonite Server VM Edition ("VME") was announced on October 18, 2018, in a press release that stated VME "enables businesses to select, manage and recover their VM data from a single location."  Defendants refer to Carbonite's October 18, 2018 press release for its complete and accurate contents.

4.     Defendants deny the allegations contained in Paragraph 4, except admit that the release of the Carbonite Data Protection Console was announced on October 18, 2018, that the quoted language attributed to Carbonite is copied from a December 5, 2018 statement on Carbonite's website, and that the quoted language attributed to Defendant Folger is copied from a December 6, 2018 conference transcript.  Defendants refer to those documents for their complete and accurate contents.

2

5.      Defendants deny the allegations contained in Paragraph 5, except admit that the first quote within Paragraph 5 is copied from a November 15, 2018 conference transcript, and that the second quote within Paragraph 5 is copied from a November 1, 2018 Carbonite earnings call transcript.  Defendants refer to those documents for their complete and accurate contents.

6.      Defendants aver that the allegations contained in the first sentence of Paragraph 6 are Plaintiff's legal conclusions to which no answer is required.  To the extent that the first sentence of Paragraph 6 may be deemed to contain factual allegations to which a response is required, those allegations are denied.  Defendants deny the allegations contained in the second sentence of Paragraph 6, and, answering further, aver that the phrase "never happened as they were supposed to" is too vague to be susceptible of response.  Defendants deny the allegations contained in the third sentence of Paragraph 6, and, answering further, aver that its reference to "a client" is too vague to be susceptible of response.  Defendants deny the allegations contained in the fourth sentence of Paragraph 6, and, answering further, aver that its references to "a client" and "the files they were attempting to back up" are too vague to be susceptible of response. Defendants deny the allegations contained in the fifth sentence of Paragraph 6, and, answering further, aver that its reference to "the many problems with the Server VM Edition" is too vague to be susceptible of response.

7.      Defendants deny the allegations contained in Paragraph 7, except admit that at times during the Class Period, Carbonite personnel worked to improve VME's functionality.

8.      Defendants deny the allegations contained in Paragraph 8.

9.      Defendants deny the allegations contained in Paragraph 9, except admit that the quoted language is copied from a July 25, 2019 Carbonite earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

10.    Defendants deny the allegations contained in Paragraph 10, except admit that in July 2019, Carbonite revised its revenue guidance and removed growth expectations associated with VME.

11.    Defendants deny the allegations contained in Paragraph 11, except admit that on July 25, 2019, Carbonite announced the voluntary resignation of its former President and CEO, Mohamad Ali.

12.    Defendants deny the allegations contained in Paragraph 12, except admit that Carbonite's stock price declined from $23.90 per share on July 25, 2019, to $18.01 per share on July 26, 2019.

13.    Defendants aver that the allegations contained in Paragraph 13 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 13 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

14.    Defendants deny the allegations contained in Paragraph 14.

## JURISDICTION AND VENUE

15.    Defendants aver that the allegations contained in Paragraph 15 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 15 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

16.    Defendants aver that the allegations contained in Paragraph 16 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 16 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

17.    Defendants aver that the allegations contained in Paragraph 17 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 17 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

4

18.    Defendants aver that the allegations contained in Paragraph 18 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 18 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## PARTIES

19.    Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20.    Defendants deny the allegations contained in Paragraph 20, except admit that "Carbonite is a software company that provides cloud-based backup services"; "[d]uring the Class Period, Carbonite's shares traded under the ticker 'CARB' on the NASDAQ"; "[o]n December 24, 2019, Carbonite was acquired by OpenText Corporation, a Canadian software company, for $1.42 billion"; "Carbonite common stock was subsequently delisted from NASDAQ on January 6, 2020"; and "[p]rior to the acquisition, Carbonite was a Delaware corporation with its principal place of business in Boston, Massachusetts."

21.    Defendants admit the allegations contained in the first, second, and third sentences of Paragraph 21.  Defendants deny the allegations contained in the fourth sentence of Paragraph 21, except admit that Mr. Ali signed, directly or through an attorney in fact, or authorized the affixing of an electronic signature upon, Carbonite's Form 10-K filed with the SEC on February 28, 2019.

22.    Defendants admit the allegations contained in the first and second sentences of Paragraph 22.  Defendants deny the allegations contained in the third sentence of Paragraph 22, except admit that Mr. Folger signed, directly or through an attorney in fact, or authorized the affixing of an electronic signature upon, Carbonite's Form 10-K filed with the SEC on February 28, 2019, Carbonite's Form 10-Q filed with the SEC on November 5, 2018, and Carbonite's Form 10-Q filed with the SEC on May 10, 2019.

5

23.    Defendants aver that the allegations contained in Paragraph 23 contain no factual allegations and therefore no response is required.  To the extent that the allegations in Paragraph 23 may be deemed to contain factual allegations to which a response is required, Defendants admit that the individuals referred to in Paragraph 23 are referred to as the "Individual Defendants" in the Amended Complaint.

24.    Defendants deny the allegations contained in Paragraph 24.

25.    Defendants aver that the allegations contained in Paragraph 25 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 25 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

26.    Defendants deny the allegations contained in Paragraph 26.

27.    Defendants deny the allegations contained in Paragraph 27, except admit that during their tenure at Carbonite, Mr. Ali and Mr. Folger participated in the executive management of the Company.

28.    Defendants aver that the allegations contained in Paragraph 28 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 28 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

29.    Defendants deny the allegations contained in Paragraph 29, except admit that during their tenure at Carbonite, Mr. Ali and Mr. Folger participated in the preparation and/or approval of certain Company communications.

30.    Defendants deny the allegations contained in Paragraph 30.

## SUBSTANTIVE ALLEGATIONS

### The Company and Its Business

31.    Defendants admit the allegations contained in Paragraph 31.

32.    Defendants admit the allegations contained in Paragraph 32.

33.     Defendants deny the allegations contained in Paragraph 33, except admit that (i) Carbonite made several acquisitions from 2011 through 2019, (ii) Carbonite's revenue and bookings grew from 2015 to 2017, and (iii) the quoted language attributed to Carbonite is copied from Carbonite's Form 10-Q filed with the SEC on November 5, 2018.  Defendants refer to those public filings for their complete and accurate contents.

34.     Defendants admit the allegations contained in Paragraph 34.  Answering further, Defendants aver that the quote in the second sentence of Paragraph 34 is taken from Carbonite's 2019 Form 10-K filed with the SEC on February 28, 2019.  Defendants refer to that document for its complete and accurate contents.

**Carbonite Launches Its New Virtual Machine Backup Solutions**

35.     Defendants deny the allegations contained in Paragraph 35, except admit that on October 18, 2018, Carbonite announced the introduction of VME, Server Backup VM Edition for Service Providers and the Carbonite Data Protection Console.  Defendants refer to Carbonite's October 18, 2018 press release for its complete and accurate contents.

36.     Defendants deny the allegations contained in Paragraph 36, except admit that the first quote within Paragraph 36 is copied from an article posted on Carbonite's website on April 23, 2019, and the second quote within Paragraph 36 is copied from an article posted on Carbonite's website on October 17, 2018.  Defendants refer to those articles for their complete and accurate contents.

37.     Defendants deny the allegations contained in Paragraph 37, except admit that the quoted language attributed to Carbonite is copied from a "Carbonite Server VM Edition" datasheet created by Carbonite in 2018.  Defendants refer to that data sheet for its complete and accurate contents.

38.    Defendants deny the allegations contained in Paragraph 38, except admit that the quoted language attributed to Carbonite is copied from an article posted on Carbonite's website on October 17, 2018.  Defendants refer to that document for its complete and accurate contents.

39.    Defendants admit the allegations contained in Paragraph 39.

40.    Defendants deny the allegations contained in Paragraph 40 to the extent the allegations contained in Paragraph 40 purport to provide a complete or universally accepted description of virtual machines.

41.    Defendants deny the allegations contained in Paragraph 41, except admit that the chart depicted in Paragraph 41 is copied from a "Carbonite Server VM Edition" datasheet created by Carbonite in 2018.  Defendants refer to that document for its complete and accurate contents.

42.    Defendants deny the allegations contained in Paragraph 42, except admit that the quoted language attributed to Mr. Ali is copied from a November 1, 2018 Carbonite earnings call transcript, and the second quote within Paragraph 42 is copied from an article posted on Carbonite's website on October 17, 2018.  Defendants refer to that document for its complete and accurate contents.

43.    Defendants deny the allegations contained in Paragraph 43, except admit that the quoted language within Paragraph 43 is copied from an October 12, 2018 Jefferies report. Defendants refer to that document for its complete and accurate contents.

**The Server VM Edition Never Functioned Properly**

44.    Defendants deny the allegations contained in Paragraph 44, except aver that at times prior to and during the Class Period, Carbonite personnel worked to improve VME's functionality.

45.     Defendants deny the allegations contained in the first sentence of Paragraph 45, and, answering further, aver that its reference to "a client" is too vague to be susceptible of response.  Defendants deny the allegations contained in the second sentence of Paragraph 45, and, answering further, aver that its reference to "the client" is too vague to be susceptible of response.

46.     Defendants deny the allegations contained in Paragraph 46, and, answering further, aver that its reference to a "client's machine" having "trouble" and not saving data as it was "supposed to" is too vague to be susceptible of response.

47.     Defendants deny the allegations contained in the first sentence of Paragraph 47, and, answering further, aver that its reference to "a handful of clients" is too vague to be susceptible of response.  Defendants deny the allegations contained in the second sentence of Paragraph 47, and, answering further, aver that its reference to "Carbonite employees working on the Server VM Edition" is too vague to be susceptible of response.

48.     Defendants deny the allegations contained in Paragraph 48, except admit that Carbonite launched VME.

49.     Defendants deny the allegations contained in Paragraph 49, except admit that Carbonite personnel worked to improve VME.

50.     Defendants deny the allegations contained in Paragraph 50, except admit that Carbonite personnel worked to improve VME.

51.     Defendants deny the allegations contained in the first sentence of Paragraph 51, and, answering further, aver that its reference to "many issues" is too vague to be susceptible of response. Defendants deny the allegations contained in the second sentence of Paragraph 51, and, answering further, aver that its reference to "one software version" is too vague to be

9

susceptible of response.  Defendants deny the allegations contained in the third sentence of Paragraph 51, except admit that Carbonite personnel worked to improve VME.

52.    Defendants deny the allegations contained in Paragraph 52, but aver that Carbonite ultimately withdrew VME from the market because it was not at the level of quality that customers had come to expect from Carbonite.

53.    Defendants deny the allegations contained in Paragraph 53, but aver that Carbonite ultimately withdrew VME from the market because it was not at the level of quality that customers had come to expect from Carbonite.

**Despite the Fact that the Server VM Edition Did Not Work, Defendants Released It and Continued to Boast About It to the Market**

54.    Defendants deny the allegations contained in Paragraph 54.

55.    Defendants deny the allegations contained in Paragraph 55, except admit that the quoted language attributed to Mr. Ali is copied from a November 1, 2018 Carbonite earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

56.    Defendants deny the allegations contained in Paragraph 56, except admit that the quoted language attributed to Mr. Folger is copied from a November 15, 2018 conference transcript.  Defendants refer to that document for its complete and accurate contents.

57.    Defendants deny the allegations contained in Paragraph 57, except admit that the quoted language attributed to Mr. Folger is copied from a December 6, 2018 conference transcript.  Defendants refer to that document for its complete and accurate contents.

58.    Defendants deny the allegations contained in Paragraph 58, except admit that on February 7, 2019, Carbonite announced the acquisition of Webroot Inc. for $618.5 million.

59. Defendants deny the allegations contained in Paragraph 59, except admit that the quoted language attributed to Mr. Ali is copied from a February 7, 2019 Carbonite earnings call transcript. Defendants refer to that document for its complete and accurate contents.

60. Defendants deny the allegations contained in Paragraph 60, except admit that the quoted language within Paragraph 60 is copied from a February 8, 2019 Craig-Hallum Capital Group report. Defendants refer to that document for its complete and accurate contents.

61. Defendants deny the allegations contained in Paragraph 61, except admit that the quoted language attributed to Mr. Ali is copied from a February 26, 2019 conference transcript. Defendants refer to that document for its complete and accurate contents.

62. Defendants deny the allegations contained in Paragraph 62, except admit that the quoted language attributed to Mr. Folger is copied from a June 10, 2019 conference transcript. Defendants refer to that document for its complete and accurate contents.

63. Defendants deny the allegations contained in Paragraph 63, except admit that Carbonite disclosed 2019 revenue guidance during the Class Period.

**Defendants Make the Shocking Revelations that the Server VM Edition Did Not Work and that Ali Is Leaving His Post as CEO Effective Immediately**

64. Defendants deny the allegations contained in Paragraph 64, except admit that on July 25, 2019, Carbonite issued a press release announcing its second quarter 2019 financial results, and on the same day, Carbonite issued a second press release announcing that Mr. Ali had resigned from the Company. Defendants refer to Carbonite's July 25, 2019 press releases for their complete and accurate contents.

65. Defendants deny the allegations contained in Paragraph 65, except admit that Carbonite's July 25, 2019 press release included revised revenue guidance for 2019 of GAAP revenue from $443.5 million to $448.5 million, a decrease from prior guidance of $457 million

11

to $471 million; and non-GAAP revenue from $477.5 million to $482.5 million, a decrease from prior guidance of $491 million to $505 million. Defendants refer to that document for its complete and accurate contents.

66. Defendants deny the allegations contained in Paragraph 66, except admit that the quoted language attributed to Mr. Folger is copied from a July 25, 2019 Carbonite earnings call transcript. Defendants refer to that document for its complete and accurate contents.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68, except admit that the quoted language attributed to Stephen Mumford is copied from a July 25, 2019 Carbonite earnings call transcript. Defendants refer to that document for its complete and accurate contents.

69. Defendants deny the allegations contained in Paragraph 69, except admit that the quoted language within Paragraph 69 is copied from a July 26, 2019 RBC Capital Markets report. Defendants refer to that document for its complete and accurate contents.

70. Defendants deny the allegations contained in Paragraph 70, except admit that the quoted language within Paragraph 70 is copied from a July 26, 2019 Northland Capital Markets report. Defendants refer to that document for its complete and accurate contents.

71. Defendants deny the allegations contained in Paragraph 71, except admit that the quoted language within Paragraph 71 is copied from a July 26, 2019 JMP report. Defendants refer to that document for its complete and accurate contents.

72. Defendants deny the allegations contained in Paragraph 72, except admit that Carbonite's stock price declined from $23.90 per share on July 25, 2019, to $18.01 per share on July 26, 2019.

**MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS
MADE DURING THE CLASS PERIOD**

73.     Defendants aver that the allegations contained in the first sentence of Paragraph 73 contain no factual allegations and therefore no response is required.  To the extent that the allegations in Paragraph 73 may be deemed to contain factual allegations to which a response is required, Defendants admit that the beginning of the time period referred to in Paragraph 73 is referred to as the "Class Period" in the Amended Complaint.  Defendants admit the remainder of the allegations contained in Paragraph 73.  Defendants refer to Carbonite's October 18, 2018 press release for its complete and accurate contents.

74.     Defendants aver that the allegations contained in Paragraph 74 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 74 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

75.     Defendants admit the allegations contained in Paragraph 75.

76.     Defendants admit the allegations contained in Paragraph 76.

77.     Defendants deny the allegations contained in Paragraph 77, except admit that the quoted language attributed to Mr. Ali is copied from a November 1, 2018 Carbonite earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

78.     Defendants aver that the allegations contained in Paragraph 78 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 78 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

79.     Defendants deny the allegations contained in Paragraph 79, except admit that the quoted language attributed to Mr. Folger is copied from a November 15, 2018 conference transcript.  Defendants refer to that document for its complete and accurate contents.

80. Defendants aver that the allegations contained in Paragraph 80 are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 80 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

81. Defendants admit the allegations contained in Paragraph 81.

82. Defendants admit the allegations contained in Paragraph 82. Defendants refer to Carbonite's February 7, 2019 press release for its complete and accurate contents.

83. Defendants aver that the allegations contained in Paragraph 83 are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 83 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

84. Defendants deny the allegations contained in Paragraph 84, except admit that on February 7, 2019, Carbonite issued a press release providing GAAP Revenue guidance for the full year 2019 ranging between $468 million and $482 million, and Non-GAAP revenue guidance for the full year 2019 ranging between $488 million and $502 million. Defendants refer to Carbonite's February 7, 2019 press release for its complete and accurate contents.

85. Defendants aver that the allegations contained in Paragraph 85 are Plaintiff's legal conclusions to which no answer is required. To the extent that Paragraph 85 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

86. Defendants admit the allegations contained in Paragraph 86.

87. Defendants deny the allegations contained in the first sentence of Paragraph 87. Defendants admit the remainder of the allegations contained in Paragraph 87. Defendants refer to Carbonite's February 7, 2019 earnings call transcript for its complete and accurate contents.

14

88.    Defendants aver that the allegations contained in Paragraph 88 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 88 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

89.    Defendants deny the allegations contained in Paragraph 89, except admit that the quoted language attributed to Mr. Ali is copied from a February 26, 2019 conference transcript. Defendants refer to that document for its complete and accurate contents.

90.    Defendants aver that the allegations contained in Paragraph 90 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 90 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

91.    Defendants admit the allegations contained in the first sentence of Paragraph 91. Defendants deny the allegations contained in the second sentence of Paragraph 91.  Defendants admit the remainder of the allegations contained in Paragraph 91.  Defendants refer to the February 28, 2019 S&P Global Market Intelligence conference transcript for its complete and accurate contents.

92.    Defendants aver that the allegations contained in Paragraph 92 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 92 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

93.    Defendants admit the allegations contained in Paragraph 93.

94.    Defendants deny the allegations contained in Paragraph 94, except admit on May 2, 2019, Carbonite issued a press release providing GAAP Revenue guidance for the full year 2019 ranging between $457 million and $471 million, and Non-GAAP revenue guidance for the full year 2019 ranging between $491 million and $505 million.  Defendants refer to that document for its complete and accurate contents.  With respect to the allegation contained in

15

footnote 2 quoting from Carbonite's May 2, 2019 earnings call transcript, Defendants refer to that transcript for its complete and accurate contents.

95.     Defendants aver that the allegations contained in Paragraph 95 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 95 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

96.     Defendants admit the allegations contained in Paragraph 96.

97.     Defendants deny the allegations contained in Paragraph 97, except admit that the quoted language in Paragraph 97 is copied from Carbonite's May 2, 2019 earnings call transcript. Defendants refer to Carbonite's May 2, 2019 earnings call transcript for its complete and accurate contents.

98.     Defendants aver that the allegations contained in Paragraph 98 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 98 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

99.     Defendants admit the allegations contained in the first sentence of Paragraph 99. Defendants deny the allegations contained in the second sentence of Paragraph 99.  Defendants admit the remainder of the allegations contained in Paragraph 99.  Defendants refer to the June 10, 2019 Stifel Cross Sector Insight Conference transcript for its complete and accurate contents.

100.    Defendants aver that the allegations contained in Paragraph 100 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 100 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

101.    Defendants deny the allegations contained in the first sentence in Paragraph 101. Defendants admit the remainder of the allegations contained in Paragraph 101.  Defendants refer

to the June 10, 2019 Stifel Cross Sector Insight Conference transcript for its complete and accurate contents.

102.    Defendants aver that the allegations contained in Paragraph 102 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 102 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## THE TRUTH EMERGES

103.    Defendants deny the allegations contained in Paragraph 103, except admit that the quoted language attributed to is copied from a July 25, 2019 Carbonite earnings call transcript. Defendants refer to that document for its complete and accurate contents.

104.    Defendants deny the allegations contained in Paragraph 104, except admit that in July 2019, Carbonite revised its revenue guidance and removed growth expectations associated with VME.

105.    Defendants deny the allegations contained in Paragraph 105, except admit that on July 25, 2019, Carbonite announced the voluntary resignation of its former CEO, Mr. Ali.

106.    Defendants deny the allegations contained in Paragraph 106, except admit that Carbonite's stock price declined from $23.90 per share on July 25, 2019, to $18.01 per share on July 26, 2019.

## DEFENDANTS VIOLATED SEC DISCLOSURE
## RULES AND REGULATIONS

107.    Defendants aver that the allegations contained in Paragraph 107 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 107 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

108.    Defendants admit that the SEC issued an interpretive release on Item 303 in May 1989, and that the quote in Paragraph 108 is copied from that release.  Defendants refer to that document for its complete and accurate contents.  Defendants deny the remainder of the allegations contained in Paragraph 108.

109.    Defendants aver that the allegations contained in Paragraph 109 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 109 may be deemed to contain factual allegations to which a response is required, those allegations are denied.  Defendants refer to the SEC's 1989 release on Item 303 for its complete and accurate contents.

110.    Defendants aver that the allegations contained in Paragraph 110 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 110 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

111.    Defendants deny the allegations contained in Paragraph 111.

112.    Defendants aver that the allegations contained in Paragraph 112 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 112 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

### ADDITIONAL FACTS PROBATIVE OF SCIENTER

113.    Defendants aver that the allegations contained in Paragraph 113 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 113 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

**A.    That the Individual Defendants Made Numerous Specific Statements Regarding the Server VM Edition and Other Products Offered on Carbonite's Data Protection Platform Is Directly Relevant to the Scienter Analysis**

114.    Defendants deny the allegations contained in Paragraph 114, except admit that the quoted language attributed to Mr. Ali is copied from a November 1, 2018 Carbonite earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

115.    Defendants deny the allegations contained in Paragraph 115, except admit that the quoted language attributed to Mr. Folger is copied from a December 6, 2018 conference transcript.  Defendants refer to that document for its complete and accurate contents.

116.    Defendants deny the allegations contained in Paragraph 116, except admit that the quoted language attributed to Mr. Ali is copied from a February 28, 2019 conference transcript. Defendants refer to that document for its complete and accurate contents.

117.    Defendants deny the allegations contained in Paragraph 117, except admit that the quoted language attributed to Mr. Folger is copied from a June 10, 2019 conference transcript. Defendants refer to that document for its complete and accurate contents.

118.    Defendants aver that the allegations contained in Paragraph 118 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 118 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

**B.    Defendant Ali's Suspiciously Timed Resignation Supports a Strong Inference of Scienter**

119.    Defendants deny the allegations contained in Paragraph 119, except admit that on July 25, 2019, Carbonite released revised revenue guidance that removed growth expectations associated with VME and announced the voluntary resignation of its former CEO, Defendant Ali.

120.    Defendants aver that the allegations contained in Paragraph 120 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 120 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

121.    Defendants deny the allegations contained in Paragraph 121, except admit that the quoted language in Paragraph 121 is copied from a July 26, 2019 JMP report.   Defendants refer to that document for its complete and accurate contents.

**C.    The Individual Defendants' Class Period Stock Sales Support a Strong Inference of Scienter**

122.    Defendants deny the allegations contained in Paragraph 122, except admit that Mr. Ali and Mr. Folger and certain other Carbonite executives sold personally held shares of Carbonite stock during the Class Period.

123.    Defendants deny the allegations contained in Paragraph 123.

124.    Defendants deny the allegations contained in Paragraph 124.

125.    Defendants deny the allegations contained in Paragraph 125, except admit that Mr. Folger sold 7,891 shares of Carbonite stock on July 1, 2019 pursuant to a 10b5-1 plan adopted on May 3, 2019.

126.    Defendants deny the allegations contained in Paragraph 126.

127.    Defendants deny the allegations contained in Paragraph 127.

128.    Defendants aver that the allegations contained in Paragraph 128 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 128 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## CLASS ACTION ALLEGATIONS

129.    Defendants aver that the allegations contained in Paragraph 129 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 129 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

130.    Defendants aver that the allegations contained in Paragraph 130 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 130 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

131.    Defendants aver that the allegations contained in Paragraph 131 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 131 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

132.    Defendants aver that the allegations contained in Paragraph 132 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 132 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

133.    Defendants aver that the allegations contained in Paragraph 133 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 133 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

134.    Defendants aver that the allegations contained in Paragraph 134 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 134 may be

deemed to contain factual allegations to which a response is required, those allegations are denied.

## APPLICABILITY OF PRESUMPTION OF RELIANCE:
## FRAUD ON THE MARKET DOCTRINE

135.    Defendants aver that the allegations contained in Paragraph 135 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 135 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

136.    Defendants aver that the allegations contained in Paragraph 136 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 136 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

137.    Defendants aver that the allegations contained in Paragraph 137 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 137 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## LOSS CAUSATION

138.    Defendants aver that the allegations contained in Paragraph 138 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 138 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

139.    Defendants aver that the allegations contained in Paragraph 139 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 139 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

140.    Defendants deny the allegations contained in Paragraph 140, except admit that the quoted language in Paragraph 140 is copied from a July 25, 2019 Carbonite earnings call transcript.  Defendants refer to that document for its complete and accurate contents.

141.    Defendants deny the allegations contained in Paragraph 141, except admit that in July 2019, Carbonite revised its revenue guidance and removed growth expectations associated with VME.

142.    Defendants deny the allegations contained in Paragraph 142, except admit that on July 25, 2019, Carbonite announced the voluntary resignation of its former CEO, Mr. Ali.

143.    Defendants deny the allegations contained in Paragraph 143, except admit that Carbonite's stock price declined from $23.90 per share on July 25, 2019, to $18.01 per share on July 26, 2019.

144.    Defendants aver that the allegations contained in Paragraph 144 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 144 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

145.    Defendants aver that the allegations contained in Paragraph 145 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 145 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

146.    Defendants aver that the allegations contained in Paragraph 146 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 146 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

147.    Defendants aver that the allegations contained in Paragraph 147 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 147 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

148.    Defendants deny the allegations contained in Paragraph 148.

## NO SAFE HARBOR

149.    Defendants aver that the allegations contained in Paragraph 149 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 149 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## COUNT I

### Violations of Section 10(b) of the Exchange Act
### and Rule 10b-5 Promulgated Thereunder
### Against All Defendants

150.    Defendants repeat and reallege each and every response to Paragraphs 1 through 149.

151.    Defendants aver that the allegations contained in Paragraph 151 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 151 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

152.    Defendants aver that the allegations contained in Paragraph 152 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 152 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

153.    Defendants aver that the allegations contained in Paragraph 153 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 153 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

154.    Defendants aver that the allegations contained in Paragraph 154 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 154 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## COUNT II

### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

155.    Defendants repeat and reallege each and every response to Paragraphs 1 through 154.

156.    Defendants aver that the allegations contained in Paragraph 156 are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 156 may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## AFFIRMATIVE DEFENSES
### FIRST DEFENSE

This action is barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because Defendants did not misrepresent any alleged fact or omit any alleged fact that Defendants were under a duty to disclose.

## THIRD DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor in view of the total mix of available information.

## FOURTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because, Plaintiff or putative class members were comparatively and/or contributorily negligent in that they had actual knowledge of the facts alleged to have been misrepresented or omitted, such lack of knowledge was the product of Plaintiff's and putative class members' negligence, and this negligence was a cause-in-fact and proximate cause of any alleged damages.

## FIFTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred to the extent that Plaintiff and others alleged to be members of the putative class lack standing to maintain some or all of their claims.

## SIXTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because, upon information and belief, Plaintiff's alleged losses, if any, were not caused by the alleged misrepresentations and omissions upon which its claims are based.

## SEVENTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because, upon information and belief, the injuries Plaintiff allegedly sustained, if any, were caused by the actions or inactions of parties other than the Defendants, actions or inactions by parties outside the control of the Defendants, or economic events that were, likewise, outside the control of the Defendants. These actions, inactions, and events were intervening or superseding causes of Plaintiff's alleged damages.

## EIGHTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because certain alleged misstatements contain expressions of opinion that Plaintiff has not alleged, and cannot prove, either were not honestly held or contained embedded statements of false, material facts.

## NINTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because Defendants are immune from liability for certain statements set forth in the Complaint under the safe harbor provisions of the PSLRA, 15 U.S.C. § 77z-2, 15 U.S.C. § 78u-5, or the bespeaks caution doctrine, where certain statements were identified as forward-looking statements and accompanied by meaningful cautionary language or were made without actual knowledge of their falsity.

## TENTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because Defendants did not act with the requisite scienter.

## ELEVENTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because Plaintiff assumed the risks disclosed by Carbonite associated with the securities in question and any alleged losses were caused by those risks coming to fruition.

## TWELFTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, by equitable estoppel, waiver, unclean hands, and/or other equitable doctrines to the extent that Plaintiff and/or members of the putative class knew, or should have known, of any alleged untruth or omission at the time it held Carbonite, Inc. stock.

## THIRTEENTH DEFENSE

Without admitting that Plaintiff suffered damages in any amount, or that any of the Defendants are or should be liable for any such damages, to the extent that Plaintiff failed to mitigate, minimize, or avoid any loss or damage referred to in its Complaint, any recovery against the Defendants must be reduced by that amount or eliminated.

## FOURTEENTH DEFENSE

Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

## FIFTEENTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because if and to the extent the Defendants are found to have made false or misleading statements (which the Defendants deny), the actual facts which Plaintiff alleges to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources, and/or because the substance of the

allegedly material information that Plaintiff alleges to have been omitted or misrepresented was in fact disclosed in Carbonite's public disclosures, in the public disclosures of third parties, and/or in other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

### SIXTEENTH DEFENSE

Plaintiff's claims and/or the claims of any members of the class that Plaintiff purports to represent are barred, in whole or in part, because at all relevant times, the Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

### SEVENTEENTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiff or putative class members, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who may have caused or contributed to Plaintiff's alleged damages, if any, pursuant to the proportionate liability provisions of the PSLRA, 15 U.S.C. § 78u-4(f)(3)(A).

### EIGHTEENTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs or putative class members, if any, is subject to offset, including but not limited to with respect to any tax benefits actually received by Plaintiffs and putative class members through their investments.

### NINETEENTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs or putative class members, if any, is limited by the PSLRA's limitation on damages, 15 U.S.C. § 78u-4(e).

### TWENTIETH DEFENSE

This action is barred, in whole or in part, because Plaintiff or members of the putative class would be unjustly enriched if permitted to obtain any recovery in this action.

## TWENTY-FIRST DEFENSE

This action is barred, in whole or in part, because the fraud on the market theory does not apply.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by applicable statutes of limitation.

## TWENTY-THIRD DEFENSE

This action is not maintainable as a class action because the requirements of Federal Rule Of Civil Procedure 23 are not met.

## TWENTY-FOURTH DEFENSE

The Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses and/or affirmative defenses available to them, and therefore expressly reserve the right to (i) amend or supplement their Answer, defenses, affirmative defenses, and all other pleadings, (ii) assert any and all additional defenses and/or affirmative defenses under any applicable federal and state law in the event that discovery indicates such defenses and/or affirmative defenses would be appropriate, and (iii) assert any cross-claims, counterclaims, and third-party claims when and if they become appropriate in this action.

## JURY DEMAND

Defendants demand a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, the Defendants respectfully request that the Court:

i)      Dismiss Plaintiff's claims against them with prejudice;

ii)     Determine that this action may not proceed as a class action and dismiss all purported class allegations with prejudice;

30

iii)    Award the Defendants the costs, disbursements, and attorneys' fees

incurred by them in defending this action; and

iv)    Award the Defendants such other and further relief as the Court may deem

just and proper.

Dated:  January 28, 2022                          Respectfully submitted,
        Boston, Massachusetts


                                                  /s/ James R. Carroll
                                                  James R. Carroll (BBO# 554426)
                                                  Alisha Q. Nanda (BBO# 657266)
                                                  SKADDEN, ARPS, SLATE,
                                                    MEAGHER & FLOM LLP
                                                  500 Boylston Street
                                                  Boston, Massachusetts 02116
                                                  (617) 573-4800
                                                  james.carroll@skadden.com
                                                  alisha.nanda@skadden.com

                                                  *Counsel for Defendants*
                                                  *Carbonite, Inc., Mohamad S. Ali,*
                                                  *and Anthony Folger*

31