# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RUBEN A. LUNA, individually and on behalf of : all others similarly situated,

                                      :

              Plaintiff,            Civil Action

          v.                    :  No. 19-11662-LTS
                                  (Consolidated)

CARBONITE, INC., MOHAMAD S. ALI and  :
ANTHONY FOLGER,

                                        :

             Defendants.

                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND [PROPOSED] ORDER FOR THE
## PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby

enters this Stipulation and Protective Order ("Protective Order") to govern the protection of

Confidential Information (as defined herein) which may be produced or otherwise disclosed

during the course of the above-captioned matter (the "Action").

**I.**    **Types of Materials Which May Be Designated Confidential Or Highly Confidential**

        1.     Any documents, answers to interrogatories, responses to requests for

admission, deposition testimony, deposition transcripts and exhibits, and any other material or

information, produced in response to discovery requests in this litigation (hereinafter,

collectively, "Discovery Material"), may be designated by a producing party or nonparty as

"Confidential" in accordance with this Protective Order.

        2.     "Confidential Information" is defined as Discovery Material that is

proprietary, commercially or competitively sensitive, personal, or financial in nature (including

but not limited to personal financial information; personal identification information; projections,

strategies, or analyses; customer or client lists or other information; trade secrets; financial,

business, or marketing plans; proposed strategic transactions or business combinations; negotiations with potential investors, partners, or acquirers; confidential regulatory materials; and current pricing or cost information; profitability reports or estimates; percentage fees; design fees; royalty rates; minimum guarantee payments; sales reports and sale margins), non-public cost data, research, development, strategic planning, proprietary business operations, or communication with regulatory or governmental authorities, or other information the disclosure of which would, in the good faith judgment of the party designating the material as Confidential Information, be substantially detrimental to the conduct of that party's business or the business of any of that party's customers or clients.  This includes Discovery Material produced by third parties who, by joint stipulation of the third parties and parties to the Action, filed prior to any production, agree to be governed by this Protective Order.

3.      "Any copies or reproductions, excerpts, summaries or other documents or media *(e.g.,* electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in general terms) Confidential Information shall also be treated as Confidential Information pursuant to this Protective Order.

## II.    **Designation of Discovery Material As Confidential**

4.      Any documents, material or information produced in discovery in this Action that are to be designated "Confidential" may be so designated by the producing party by (i) providing copies of the documents, material or information so designated that are stamped with the legend "CONFIDENTIAL" or (ii) after providing copies of documents, material or information that are not stamped with the legend "CONFIDENTIAL," by furnishing a separate written notice to the undersigned counsel for the party receiving such documents, material or information at the time of their production, or as soon thereafter as practicable, specifically identifying the documents or materials as "Confidential," so long as the producing party supplies

2

substitute copies that are stamped with the legend "CONFIDENTIAL" (bearing the same bates numbers as the original copies, where practicable) of any previously provided, unstamped documents within 5 business days or as many days as the parties shall agree.  To the extent a producing party makes documents available for inspection and copying at the producing party's or counsel's location prior to confidentiality designation of the documents, such materials shall be treated as Confidential until such time as they are produced and assigned confidentiality designations in accordance with this Order.

5.    In the event that a party desires to designate specific answers or responses to interrogatories or requests for admission as Confidential, the party shall insert the words "CONFIDENTIAL in brackets at the beginning of the specific answer or response.

6.    Deposition testimony and the transcripts and video recordings of depositions conducted during pretrial discovery in this litigation shall be treated as Confidential for a period of 30 days, or for as many days as the parties shall agree, after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Confidential Information contained therein.  Such Confidential Information shall be designated by page and line number.

7.    If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, as soon as practicable, upon learning of such disclosure, inform the producing party of all pertinent facts relating to such disclosure and shall make every reasonable effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

8.    Inadvertent production of or failure to designate any information as Confidential shall not be deemed a waiver of the producing party's claim of confidentiality as to

such information, and the producing party may thereafter designate such information as Confidential as appropriate.

9.     In the event a producing party determines that additional confidentiality protections beyond those contemplated in this Protective Order are needed to protect specific highly sensitive documents, materials or information, the producing party and the receiving party or parties shall meet and confer in good faith to discuss the producing party's concerns and additional confidentiality protections that can be utilized to facilitate production.

### III.    Permissible Uses Of Discovery Material

10.     All persons obtaining access to Discovery Material produced in connection with this Action shall use such Discovery Material only for the purpose of this litigation and not for any other purpose.  However, this provision shall not apply to any Discovery Material subsequent to its becoming part of the public record in this Action.  Nothing in this Protective Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this Action in any manner that the party deems appropriate.

11.     Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this Action, whether or not such documents, material or information are also obtained through discovery proceedings in this Action.

12.     Confidential Information shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

(a)     The Court and Court personnel;

(b)     The parties named in this Action and, where applicable, their trustees and/or directors;

4

(c)    Counsel of record and any other outside counsel for the parties in this Action, members of their firms and associates, associate attorneys, contract lawyers, paralegals, clerical, and other employees or agents of such counsel who are assisting in the conduct and/or management of this Action;

(d)    In-house counsel for any party and paralegal, clerical, and other employees assisting in-house counsel;

(e)    Party deponents, current employees, officers, members, or directors of defendants or their affiliates who are assisting in the conduct of this Action;

(f)    Consultants, experts, and outside litigation support personnel, including document management vendors, and other vendors retained by counsel for any party to assist in the preparation, litigation, or settlement of this Action;

(g)    Any arbitrator, mediator, or special master retained by the parties or appointed by the Court, and employees of such arbitrator, mediator or special master to the extent their participation is reasonably necessary;

(h)    Third party deponents in this Action, and their counsel, to whom disclosure is reasonably necessary for this litigation;

(i)    Third party trial witnesses in this Action, and their counsel for purposes of this Action, when testifying at trial, *provided however* that prior to trial, the parties will meet and confer regarding the timing and procedure for a producing party to object to the use of such document or information during trial;

(j)    Stenographic employees, videographers, or court reporters recording or transcribing testimony for this Action; and

5

(k)    Others, if the parties to this Action so agree in writing or, for good cause shown, the Court so permits, or any person as to whom the Court directs should have access.

13.    Before any person described in Paragraphs 12(f), 12(h), 12(i), 12(k), is given access to Confidential Information, the person shall review this Protective Order and agree in writing (by signing the Acknowledgement attached hereto as Exhibit A) to its terms and conditions.  A copy of the Acknowledgement shall be retained by counsel disclosing Confidential Information until the conclusion of this Action, including all appeals.  If Confidential Information is to be disclosed during a deposition, the agreement to be bound to this Protective Order may be made on the record and under oath, rather than through execution of Exhibit A.

14.    No person to whom Confidential Information is disclosed may disclose such Confidential Information to any person other than those persons described in Paragraph 12 above.

15.    All persons who have access to Confidential Information at any time shall take all precautions necessary to prohibit access to such Confidential Information other than as provided for herein.

16.    Any summaries or copies of Confidential Information shall bear the appropriate legend set forth in Paragraph 4, 5 or 6 above, and shall be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy is made.

17.    In the event a party produces two or more identical copies of Discovery Material and any copy is designated "CONFIDENTIAL," while other copies are not so designated, all such identical Discovery Material shall be treated as designated Confidential

6

Information.  Any party identifying such inconsistent designations shall notify all other parties of the existence and production numbers or other identifying information of the non-designated or not properly designated copies.  The producing party shall then promptly inform the parties as to whether the documents are to be treated as "CONFIDENTIAL," and shall undertake to reproduce the document(s) at issue with the appropriate designation.

18.      Challenge Designations:  Any party may challenge a designation of Discovery Material as Confidential Information at any time after the designation has been made. A party may submit a challenge by providing written notice to the party making a "CONFIDENTIAL" designation (the "Designating Party") of the reasons for the objection.  The party and the Designating Party shall attempt to resolve in good faith any such challenge informally.  If the parties cannot resolve the challenge within fourteen (14) business days of a party's written notice of objection, the party challenging the confidentiality designations may file an appropriate motion requesting that the Court determine whether the disputed information should remain subject to the terms of this Protective Order.  The party challenging the confidentiality designations shall have the burden of showing that the Discovery Material is not "CONFIDENTIAL."  The disputed information shall continue to be treated as designated by the Designating Party until such time as the Court rules on the motion.  A party shall not be obligated to challenge the propriety of any "CONFIDENTIAL" designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

19.      Filing Confidential Information:  Whenever a party seeks to file with the Court any Discovery Material designated as Confidential Information, or any papers containing or revealing such information (including but not limited to any pleading, motion, deposition, transcript, brief, exhibit, or other filing with the Court), the filing party shall file such Discovery Material in compliance with any applicable federal and local rules, and the Court's Individual

Practices.  To the extent it does not conflict with such rules, the filing party shall contemporaneously (i) file on ECF a redacted copy of the same, together with redacted versions of the notice of motion, briefing and any supporting materials, (ii) submit unredacted copies to the Court, and (iii) serve upon the other parties unredacted copies of such materials.  Nothing in this Paragraph, however, shall preclude a Party from filing information that the party itself has designated as Confidential Information in unredacted form.

20.    Disclosure at Trial:  A party's listing of any Confidential Information on an exhibit list places all parties on notice that the document may be offered at trial.  A Court ruling on the confidentiality for purposes of use at trial, including appeal, shall supersede this Protective Order.  The Court may enter orders as it deems appropriate to protect the confidentiality of any Confidential Information discussed, or to be discussed, at hearings and trial.

21.    Within ninety (90) days after final termination of this Action (including any appeal or related proceedings in the United States District Court, Court of Appeals, and the Supreme Court of the United States), either by final judgment or settlement, and upon request of the Designating Party or any party to this litigation, all parties or other persons or entities bound by this Protective Order shall either destroy any Confidential Information in their possession or return the information and all copies thereof to the Designating Party.  Counsel shall certify in writing upon request of the Designating Party that all Confidential Information and copies thereof have been handled in accordance with this paragraph.

## IV.    Inadvertent Disclosure of Privileged Material

22.    This Protective Order is without prejudice to any party's or non-party's right to assert that any Discovery Material is subject to any applicable claim of privilege or

protection, including, but not limited to, the attorney-client privilege and the work product doctrine, or that the party claims is subject to any federal or state regulations prohibiting the disclosure of such material, and is without prejudice to any party's right to contest such a claim of privilege or protection.

23.    Pursuant to Federal Rule of Evidence 502(d), any inadvertent disclosure of privileged information or documents in response to any discovery production, including Rule 26(a)(1) disclosures and agreed document productions, shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege, work-product doctrine or any other applicable privilege in this case, or in any other court, legal proceeding or other respect.

24.    If, in connection with this Action, a party (the "Disclosing Party") inadvertently discloses information subject to a claim of attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege or doctrine, the bank examination privilege, or any other applicable privilege, immunity, or protective doctrine ("Inadvertently Disclosed Information"), and a claim of inadvertent disclosure is made by a Disclosing Party with respect to Inadvertently Disclosed Information, the receiving party (the "Receiving Party") shall, within five (5) business days, (i) return, sequester or destroy all copies of the Inadvertently Disclosed Information and provide a written certification of counsel that all such Inadvertently Disclosed Information has been returned, sequestered or destroyed, (ii) refrain from any further use or disclosure of the Inadvertently Disclosed Information; and (iii) take reasonable steps in good faith to retrieve any copies of the Inadvertently Disclosed Information disclosed in accordance with this Protective Order prior to receiving notice. Nothing in this paragraph shall be read to limit the parties' rights under Federal Rule of Civil Procedure 26(b)(5)(B).

25. In the event of a dispute as to the basis for a Disclosing Party's claim that documents or information contain Inadvertently Disclosed Information, the Receiving Party shall first meet and confer with the Disclosing Party in a good faith effort to resolve the disagreement. If the Disclosing Party and Receiving Party are unable to resolve their disagreement within fourteen (14) days after the parties meet and confer regarding the disagreement, the Receiving Party shall provide to the Disclosing Party written notice of the dispute, which shall memorialize the parties' prior attempt to resolve their disagreement. Within 30 days after said written notice of its disagreement, the Receiving Party disputing the claim that Discovery Material is or contains Inadvertently Disclosed Information may request that the Court enter an order compelling production of the Discovery Material. While any such request is pending, no party shall use any Inadvertently Disclosed Information, or information gleaned from any Inadvertently Disclosed Information, in connection with this Action or for any other purpose, except that the Receiving Party may present the inadvertently produced materials to the Court under seal for determination of the claim. Should a dispute arise, all parties other than the Disclosing Party may sequester the Inadvertently Disclosed Information and any copies they have, rather than destroy or return the Inadvertently Disclosed Information, until such dispute is resolved.

## V. General Provisions

26. This Protective Order may be modified or amended by agreement of the parties with the approval of the Court. To the extent that the parties fail to agree on a modification proposed by any party, nothing contained herein shall be deemed to preclude any party from moving the Court, for good cause shown, for a ruling that modifies this Protective Order in any respect.

27. Notwithstanding anything contained herein to the contrary, counsel shall be permitted to retain copies of all court filings, transcripts, exhibits, correspondence, and work product containing or reflecting Confidential Information after final termination of this Action; provided, however, that they shall treat such materials as Confidential Information, as designated in this Action.

28. This Protective Order shall not be construed as waiving any right to assert a claim of privilege or objection as to relevance, admissibility, or other grounds for not producing discovery potentially falling under the scope of this agreement. Nor shall this Protective Order prevent any party from objecting to discovery that it believes to be otherwise improper or to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order.

29. This Protective Order shall survive and continue to be binding after the conclusion of this Action, and this Court shall retain jurisdiction to enforce the provisions of this Protective Order.

30. Subpoenas of Information: In the event any Receiving Party in this Action having possession, custody, or control of any Confidential Information receives a subpoena, request for production of documents, or other process or demand to produce such material in another legal proceeding from a non-party to this Action, such Receiving Party shall, within fourteen (14) days of receipt of such subpoena, request for production of documents, or other process or demand to produce such material: (i) give notice of the subpoena, request for production of documents, or other process or order to counsel for the producing party, and the Designating Party if a different person or entity, that designated the Discovery Material as "CONFIDENTIAL" and (ii) furnish that counsel with a copy of said subpoena, request for production of documents, or other process or order. The party receiving the subpoena (the "Subpoenaed Party"), request for

11

production of documents, or other process or demand shall notify in writing the person or entity who served the subpoena, request for production of documents, or other process or demand that some or all the material covered by the request is subject to this Protective Order, and provide a copy of the Protective Order to the issuing entity or individual.  The producing party, or Designating Party if a different person or entity, shall bear the burden and expenses of seeking protection of the Confidential Information.  If the producing party, or the Designating Party if a different person or entity, whose Confidential Information may be affected, timely seeks a protective order to prevent production of the Confidential Information, the party served with the subpoena or court order shall not oppose the entry of such protective order (without prejudice to a party's rights under the instant protective order to challenge the propriety of the Confidential designations of the subpoenaed information) and shall not produce any information designated in this action as Confidential Information before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's written consent. Nothing in these provisions shall be construed as authorizing or encouraging a Subpoenaed Party to disobey a lawful directive from a court or authority of competent jurisdiction.

31.    This Protective Order may be executed in any number of actual, telecopied or emailed counterparts, and by each of the different parties thereto on several counterparts, each of which when executed and delivered shall be an original.  The executed signature page(s) from each actual, telecopied or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

Dated: March 22, 2022                        Respectfully submitted,
       Boston, Massachusetts

/s/ David A. Rosenfeld                        /s/ James R. Carroll
Samuel H. Rudman                             James R. Carroll (BBO# 554426)
David A. Rosenfeld (*pro hac vice*)          Alisha Q. Nanda (BBO# 657266)
Robert D. Gerson (*pro hac vice*)            SKADDEN, ARPS, SLATE,
Philip T. Merenda (*pro hac vice*)             MEAGHER & FLOM LLP
ROBBINS GELLER RUDMAN                         500 Boylston Street
  & DOWD LLP                         Boston, Massachusetts 02116
58 South Service Road, Suite 200             (617) 573-4800
Melville, NY 11747                           james.carroll@skadden.com
Telephone: 631/367-7100                      alisha.nanda@skadden.com
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com                       *Counsel for Defendants*
rgerson@rgrdlaw.com                          *Carbonite, Inc., Mohamad S. Ali,*
pmerenda@rgrdlaw.com                         *and Anthony Folger*

*Lead Counsel for Plaintiff*

Theodore M. Hess-Mahan, BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: 781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

*Local Counsel*

SO ORDERED:

Dated: _____

                                                         Leo T. Sorokin
                                                          United States District Judge

13

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RUBEN A. LUNA, individually and on behalf of :
all others similarly situated,
                                                :
            Plaintiff,              Civil Action
        v.                          :   No. 19-11662-LTS
                                        (Consolidated)
CARBONITE, INC., MOHAMAD S. ALI and :
ANTHONY FOLGER,
                                                :
            Defendants.
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**EXHIBIT A:**
**ACKNOWLEDGMENT OF PROTECTIVE**
**ORDER AND AGREEMENT TO BE BOUND**


I hereby acknowledge that I, _____, am about to receive

information that is being supplied by one or more of the parties in the case of *Luna, et al. v.*

*Carbonite, Inc., et al.,* No. 19-11662-LTS, pending in the United States District Court for the

District of Massachusetts.  I understand that the information is subject to the terms of a

Protective Order.  I hereby certify my understanding that such information is being provided to

me pursuant to the terms and restrictions of the Protective Order.  I have been given a copy of

said Protective Order, have read it, and agree to be bound by its terms.  I understand that

information and any documentary material covered by the Protective Order that I am provided

or obtain (which includes any notes or other record that I make of such material) must not be

disclosed to others, except those listed in Paragraph 12 of the Protective Order under the terms

set forth therein.

Executed on: _____

Name:        _____ (print or type)

Signature:   _____

2