UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


_____

RUBEN A. LUNA, Individually and on
Behalf of All Others Similarly
Situated, et al.,                        Civil Action No.
                                         1:19-cv-11662-LTS
          Plaintiffs,

     v.

Carbonite, Inc., et al.,

          Defendants.


_____


     BEFORE THE HONORABLE LEO T. SOROKIN, DISTRICT JUDGE


STATUS CONFERENCE
Via Videoconference


Monday, September 12, 2022
3:32 p.m.


John J. Moakley United States Courthouse
One Courthouse Way
Boston, Massachusetts


Rachel M. Lopez, CRR
Official Court Reporter
raeufp@gmail.com

**A P P E A R A N C E S**

On behalf of the Plaintiff Luna and All Others Similarly
Situated:

    HUTCHINGS, BARSAMIAN, CROSS AND MANDELCORN, LLP
    BY:   THEODORE M. HESS-MAHAN
    110 Cedar Street
    Wellesley Hills, Massachusetts  02481
    (781) 431-2231
    thess-mahan@hutchingsbarsamian.com


On behalf of the Plaintiff Construction Industry and Laborers
Joint Pension Trust:

    ROBBINS GELLER RUDMAN & DOWD LLP
    BY:   DAVID A. ROSENFELD AND ROBERT D. GERSON
    58 South Service Road
    South 200
    Melville, New York  11747
    (631) 367-7100
    rgerson@rgrdlaw.com
    drosenfeld@rgrdlaw.com


On behalf of the Defendants:

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    BY:   KURT WM. HEMR AND NIGEL TAMTON
    500 Boylston Street
    Boston, Massachusetts  02116
    (617) 573-4800
    kurt.hemr@skadden.com
    nigel.tamton@skadden.com

**P R O C E E D I N G S**

(In open court.)

THE DEPUTY CLERK:  The United States District Court for the District of Massachusetts is now in session, the Honorable Leo T. Sorokin presiding.

Today is Monday, September 12, 2022, and we are on the record in civil case number 19-11662, Ruben Luna, et al., versus Carbonite, Inc., et al.

And would counsel please identify themselves for the record.

MR. ROSENFELD:  Good afternoon, Your Honor.  David Rosenfeld, from Robbins Geller Rudman & Dowd, on behalf of the lead plaintiff.

THE COURT:  Good afternoon.

MR. GERSON:  Good afternoon, Your Honor.  Robert Gerson, from Robbins Geller Rudman & Dowd, on behalf of lead plaintiff.

MR. HESS-MAHAN:  Good afternoon, Your Honor.  Ted Hess-Mahan; Hutchings, Barsamian; local counsel for plaintiffs.

THE COURT:  Good afternoon.

MR. HEMR:  Good afternoon, Your Honor.  Kurt Hemr.  And Nigel Tamton is we me from Skadden, Arps for the defendants.

THE COURT:  All right.  Good afternoon.

So where are we in this case?  All done with class discovery.  You're practically done writing your motion which is due on the 16th.  Or are you're telling me you've worked the whole case out, and you're all going out for drinks because it settled?

MR. ROSENFELD:  We're pushing forward with the case, Your Honor, at this point.  We are in the middle of discovery, in the middle of merit discovery.  Class certification is due -- our motion is due on this Friday, as Your Honor noted.  Our client's deposition is going to take place next week, and the case is progressing.

THE COURT:  Good.  All right.

So are we on track for the motion on the 16th and the opposition on -- I don't recall the date, but whatever was set on the schedule?

MR. ROSENFELD:  Yeah.  October 21st would be the opposition, Your Honor.

THE COURT:  All right.

MR. HEMR:  Yes, Your Honor.

THE COURT:  Okay.  All right.  Anything else to report?

MR. ROSENFELD:  Your Honor, there are a couple of issues that I would like to bring to the Court's attention, just to preserve our rights.  We don't think they're ripe for the Court to consider it at this point, but we do want to

flag them, just so the Court is aware of them and this way we haven't waived any rights with regard to them.  And they have to do with document preservation issues.  There are four issues that I want to point to Your Honor's attention.

Number one is that e-mails for one of Carbonite's senior director of product management were not preserved.  And defendants have told us that.  We're not sure what is missing yet, so we are going to make an assessment later on how we want to proceed regarding that.  And we do want to flag that.  This is a person who has had, I think, 10,000 documents that have been identified so far, so clearly she's an important player in this.  We're just not sure of the effect of the fact that those documents were not preserved.

There are also a number of people, I think 20 people, that were listed as having worked on VME, which is the product at issue here.  And those e-mails were identified by defendants as having worked on VME, but their documents were not preserved either.

One other issue is --

THE COURT:  None of those 20 people?

MR. ROSENFELD:  As to my knowledge, none of those 20 people have had their e-mails preserved.  We got a list.  We asked an interrogatories, Your Honor.  We asked for people to be identified who worked on VME.  Then we asked for people whose e-mails were preserved, and on that list, we identified

20 people who were not on both lists.

Again, we don't know the impact of that at this point.

THE COURT:  Sure.

MR. ROSENFELD:  And we got a lot of documents. We're going through everything.  We're just reserving our rights at this point.

There is also a customer service e-mail account the customers were told to send any complaints to, any concerns that they had.  So the e-mails, the inbound e-mails, the e-mails that were received in that account we were told were preserved.  But e-mails sent from that account, for example, if customer service got an e-mail and they wanted to forward it to someone with commentary about how to address it or the thoughts on that e-mail, those e-mails were not preserved. Only e-mails that were received were preserved but not e-mails that were sent.

And lastly, Your Honor, it's come to our attention that the company has been unable to find its document retention and e-mail policies.  I know they have a couple more weeks or so to -- for the end of document production, if until the 23rd of September.  I don't think they've been able to locate them at this point, which obviously is going to be an issue of concern for us regarding what those policies are, especially because certain representations have been made to

us about the way those policies have been adhered to.  So we certainly want to see what those policies are.

I don't think any of these issues are ripe for Your Honor today.  We're just flagging them and letting the Court know that there are concerns that we have, but we don't need them addressed today.

THE COURT:  All right.  So flagged, for whatever, if any, significance that has.

MR. ROSENFELD:  Exactly.

MR. HEMR:  Your Honor, I guess I would be prepared to address any of those, but I think perhaps the best use of everyone's time, unless the Court feels differently, would be to simply address them as they arise.  We have a different view, obviously, but --

THE COURT:  Sure.  I think that's fine.

This is my view of it.  No one has asked me to rule to determine, (a), if things were, in fact, not preserved; (b), if the things not preserved should have been preserved; (c), if things not preserved that should have been preserved were material in some way to the case, why weren't they preserved?  You know, there's a whole range from inadvertent to intentional spoliation.  There's a materiality question. There's a variety of other issues.

I understand the plaintiffs to simply be saying that there are these four topics of things they think haven't

been preserved.  I think they're saying that they're not positive that all of those things haven't been preserved quite to the extent that they described, but they think they might be not have been preserved.  And they've been candid in saying that they're not sure what the materiality or significance is, so they simply want it made known that they're looking into those things and they've done that.

No one has asked me to do anything, so I don't see a reason at this point to require or ask you to respond to that.  And if they think that there is something there that is -- requires a resolution, they'll make a motion, I'm sure, or bring it to my attention.  And then, of course, you would respond.  And then I would resolve whatever needs to be resolved that all of you need to be resolved.  But at the moment --

MR. HEMR:  It sounds good to me, Your Honor.

THE COURT:  All right.  Anything else?

MR. ROSENFELD:  We appreciate that, Your Honor, as well.

THE COURT:  No problem.  Sure.

Anything else that we should discuss today?

MR. HEMR:  Just, Your Honor, I might explain why I have to be attending this.  Mr. Carrol and Ms. Nanda, who are my partners, who have been working on this case for some time, and I have been working with them, they have a trial

today before Judge Burroughs, either down the hall or upstairs or downstairs.  So they would have liked to be with you today, but unfortunately they could not be.

THE COURT:  They just like Judge Burroughs better than me.  That's the inference and conclusion, the only one that I can draw.

MR. HEMR:  She's very charming, Your Honor.

THE COURT:  She is very charming.  And very wise.

So that's fine.  No problem.  No problem at all. And I'm happy to see you whenever you appear.

MR. HEMR:  Thank you, Your Honor.

THE COURT:  And so I think since the next thing is the motion for class certification, you file the motion, you file the response, the reply, I don't think I'm going to set another date.  Once the motion is ripe, I'll review it, and then I'll schedule a hearing.

And then in the meantime, if something comes up that requires attention, you'll either ask Ms. Belmont to schedule a status, or you will file a motion.

Make sense?

MR. ROSENFELD:  Sounds good to us, Your Honor.

MR. HEMR:  Sounds good, Your Honor.

THE COURT:  All right.  That sounds good.

Not hearing anything else, thank you very much. Good to see all of you, and we are adjourned.

(Court in recess at 2:40 p.m.)

**CERTIFICATE OF OFFICIAL REPORTER**

I, Rachel M. Lopez, Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing pages are a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 21st day of September.

/s/ RACHEL M. LOPEZ

_____
Rachel M. Lopez, CRR
Official Court Reporter