UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

RUBEN A. LUNA, Individually and on
Behalf of All Others Similarly
Situated, et al.,                         Civil Action No.
                                          1:19-cv-11662-LTS

        Plaintiffs,

    v.

Carbonite, Inc., et al.,

        Defendants.

_____

BEFORE THE HONORABLE LEO T. SOROKIN, DISTRICT JUDGE

STATUS CONFERENCE
Via Videoconference

Thursday, February 3, 2022
1:46 p.m.

John J. Moakley United States Courthouse
One Courthouse Way
Boston, Massachusetts

Rachel M. Lopez, CRR
Official Court Reporter
raeufp@gmail.com

**A P P E A R A N C E S**

On behalf of the Plaintiff Luna and All Others Similarly Situated:

    HUTCHINGS, BARSAMIAN, CROSS AND MANDELCORN, LLP
    BY:  THEODORE M. HESS-MAHAN
    110 Cedar Street
    Wellesley Hills, Massachusetts  02481
    (781) 431-2231
    thess-mahan@hutchingsbarsamian.com


On behalf of the Plaintiff Construction Industry and Laborers Joint Pension Trust:

    ROBBINS GELLER RUDMAN & DOWD LLP
    BY:  DAVID A. ROSENFELD AND ROBERT D. GERSON
    58 South Service Road
    South 200
    Melville, New York  11747
    (631) 367-7100
    rgerson@rgrdlaw.com
    drosenfeld@rgrdlaw.com


On behalf of the Defendants:

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    BY:  ALISHA QUINTANA NANDA, NIGEL TAMTON,
    AND JAMES R. CARROLL
    500 Boylston Street
    Boston, Massachusetts  02116
    (617) 573-4800
    alisha.nanda@skadden.com
    nigel.tamton@skadden.com
    james.carroll@skadden.com

**P R O C E E D I N G S**

(In open court.)

THE DEPUTY CLERK:  The United States District Court for the District of Massachusetts is now in session, the Honorable Leo T. Sorokin presiding.

Today is February 3rd, the case of Luna v. Carbonite, et al., civil action 19-11162, will now appear before this Court.

Counsel, please identify themselves for the record.

MR. ROSENFELD:  Good afternoon, Your Honor.  David Rosenfeld, from Robbins Geller Rudman & Dowd, on behalf of the lead plaintiff.

THE COURT:  Good afternoon.

MR. GERSON:  Good afternoon, Your Honor.  Robert Gerson, from Robbins Geller Rudman & Dowd, on behalf of lead plaintiff.

THE COURT:  Good afternoon.

MR. HESS-MAHAN:  Good afternoon, Your Honor.  Theodore Hess-Mahan, from Hutchings, Barsamian, local counsel for Ruben Luna.

THE COURT:  Good afternoon.

MR. CARROLL:  Good afternoon, Your Honor, James Carroll for the defendants, along with my colleagues Alisha Nanda and Nigel Tamton.

MS. QUINTANA NANDA:  Good afternoon, Your Honor.

THE COURT:  Good afternoon.

SO I know you wanted to -- you proposed cancelling it, accepting my invitation, and I said no or didn't respond. I just had two quick questions about the schedule, and that's why I wanted to see all of you.

The first question is just it's a pretty lengthy schedule, because it calls for this to be ripe -- summary judgment ripe, basically.  You have a year of fact discovery, and then summary judgment is ripe on mid August 2023.  So I just -- I assume that's because you -- it's a complicated case; it's a class action.  You see a fair bit of moving parts.  I think I'm okay with that, but I just -- really what I wanted to say about that is just, like, I'd like to stay on track.

And it would -- so ordinarily I might not see you until the end of fact discovery, but it might make sense -- I might want to check in with you along the way, just to make sure we keep moving and on track.  And so one question that I have is when would you suggest I see you next, either with that in mind or any other reason that you wish to think would be a good time?

MR. CARROLL:  Might it make sense, Your Honor, because we're anticipating class certification proceedings happening contemporaneous with fact discovery, to schedule a conference in or around class certification?

THE COURT:  Sure.  The only thing that I'm thinking is by the time class certification is ripe, you're almost done with fact discovery.  And presumably it will be likely I'll have a hearing on the class certification motion, but that puts us already a year out.  I'm wondering if, like, does it make sense to check in -- I mean, if you, you know -- mostly what I don't want to find out is a year from now, say, "Oh, Judge, you know what?  We were really busy, and we need another year."  And so one of the things that I find is if I check in with you, maybe we should check in in September, maybe a little after the class motion is filed, then you're on track.  It keeps everybody focused.  And then something like that.

MR. ROSENFELD:  Your Honor, I would propose that after the substantial completion date of August 22nd, would be a good time to see if we're on track and how things are moving at that point in time.

THE COURT:  Okay.  So why don't we then, given -- instead of -- because I think I might be -- how about like September 12th?  It's a couple weeks after that, but I think I might be on vacation the end of August.

MR. CARROLL:  Works for defendants, Your Honor.  Thank you.

THE COURT:  So how about September 12th at 3:30?  Zoom.  Whatever happens with COVID -- I mean, I'm happy to

have you all come in, but I assume you'd prefer to come by Zoom, and Zoom is fine for something like that for me.

Okay.  So September 12th -- we'll have a status conference September 12th at 3:30.

And the other, just, question that I have, looking over the schedule, you had two months for the reply regarding the class certification motion, and I was surprised by that. You have the motion on the 16th, the opposition on the 21st of October, and then two months for the reply.  Usually -- I am just wondering why it was that.

MR. ROSENFELD:  Sure.  And generally, Your Honor, with class certification motions, the meat of the motion comes in the reply.  The opening motion is more pro forma.

THE COURT:  Right.  Because you see what they're objecting to.

MR. ROSENFELD:  See what they're objecting to. There are depositions of experts with regard to market efficiency, et cetera.

THE COURT:  Okay.  You really think you need two months?  I'm just thinking about in terms of resolution of it.  And I don't want to sit here and tell you I'm going to have it resolved in three weeks because -- I would like that, but I can't promise that.  I was just thinking if it was ripe December 21st --

MR. ROSENFELD:  We can probably shave down a couple

of weeks.  Should we do 45 days instead of 60 days?

THE COURT:  Sure.  Why don't we say 45 days.  And we can revisit that, if you want, later, once you see what they say and where we are and what have you.

MR. ROSENFELD:  Perfect.

THE COURT:  All right.  So those are the only two questions that I had.  I'm happy to hear you, if there's something that you wanted to address.  The rest of it is fine.

MR. CARROLL:  Nothing on behalf of the defendants. Thank you.

MR. ROSENFELD:  Nothing further from plaintiffs, Your Honor.  Thank you.

THE COURT:  All right.  So, Maria, I'll adopt the schedule that's set forth as 74-1.  That's the form scheduling order.  You can just docket that as the governing schedule in the case, with one change, that December 21st becomes -- and paragraph 4, December 6th, and we'll have a status conference, paragraph 5, on September 12th at 3:30.

Great.  I'll see you in September.  Thanks very much.  You have a good day.  Take care.

(Court in recess at 1:52 p.m.)

**CERTIFICATE OF OFFICIAL REPORTER**

I, Rachel M. Lopez, Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing pages are a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 29th day of November, 2022.

/s/ RACHEL M. LOPEZ

_____
Rachel M. Lopez, CRR
Official Court Reporter