UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RUBEN A. LUNA, individually and on behalf of :
all others similarly situated,

                                :

            Plaintiff,            Civil Action
      v.                  :   No. 19-11662-LTS
                          (Consolidated)
CARBONITE, INC., MOHAMAD S. ALI and  :
ANTHONY FOLGER,

                                  :

            Defendants.

                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF NIGEL TAMTON, ESQ.**
**IN SUPPORT OF DEFENDANTS' OPPOSITION TO**
**LEAD PLAINTIFF'S MOTION TO COMPEL AND FOR ADDITIONAL DISCOVERY**

I, NIGEL TAMTON, pursuant to 28 U.S.C. § 1746, declare and state as follows:

1.      I am a member of the bar of the Commonwealth of Massachusetts and of this Court and an associate with the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel for Defendants in the above-captioned action.

2.      I make this declaration in connection with Defendants' Memorandum Of Law In Opposition To Lead Plaintiff's Motion To Compel And For Additional Discovery filed herewith, and for the purpose of transmitting to the Court true and correct copies of certain documents attached as Exhibits to this Declaration.

3.      Plaintiff's production in this case contains emails with hyperlinks for which Plaintiff did not produce the hyperlinked materials. For example, the extracted text file that Plaintiff produced accompanying the document Bates-stamped PLTF_CILJPT_0000569 shows that the document contains multiple hyperlinks (see Exhibit O, attached hereto). Plaintiff did not produce the materials hyperlinked to PLTF_CILJPT_0000569 to Defendants.

4.      Pursuant to an agreement with Plaintiff, Defendants ran a set of agreed-upon search terms on the email accounts and chat messages belonging to a set of ten agreed-upon document custodians.  To the extent that potentially responsive emails were identified through those searches, Defendants also reviewed the attachments to those emails and produced relevant, non-privileged attachments.

5.      Defendants spoke with Carbonite personnel who worked on Carbonite's Virtual Machine Edition ("VME") and asked them to identify Carbonite document repositories (i.e., shared locations on Carbonite's local computer network) that would likely contain documents relevant to VME.  Defendants independently searched those repositories for material relevant to VME and produced that material.

6.      Defendants have reviewed and produced more than 188,000 documents in this action.  Defendants have made the following document productions:

| | |
|---|---|
| May 2022: | 109 documents totaling 1,458 pages |
| June 2022: | 73,470 documents totaling 175,632 pages |
| July 2022: | 52,720 documents totaling 124,720 pages |
| August 2022: | 54,444 documents totaling 125,505 pages |
| September 2022: | 7,227 documents totaling 39,184 pages |
| October 2022: | 52 documents totaling 351 pages. |

7.      Deepak Mohan (former Carbonite Senior Vice President, Products and Engineering) and Scott Haines (former Carbonite Principal Technical Program Manager) sent, received or were copied on VME-related emails that Defendants produced in June 2022.  To date, Defendants have produced 4,317 emails to, from, or copying Mr. Mohan, and 27,052 such emails involving Mr. Haines.

2

8. Defendants have produced to Plaintiff more than 800 documents that reference a "tiger team."

9. Attached hereto as Exhibit A is a true and correct copy of the parties' Agreed-On Form Of Production Specifications.

10. Attached hereto as Exhibit B is a true and correct copy of a letter from Defendants' counsel to Plaintiff's counsel, dated May 2, 2022.

11. Attached hereto as Exhibit C is a true and correct copy of a letter from Defendants' counsel to Plaintiff's counsel, dated June 9, 2022.

12. Attached hereto as Exhibit D is a true and correct copy of letter from Defendants' counsel to Plaintiff's counsel, dated January 19, 2023.

13. Attached hereto as Exhibit E is a true and correct copy of letter from Defendants' counsel to Plaintiff's counsel, dated January 30, 2023.

14. Attached hereto as Exhibit F is a true and correct copy of letter from Plaintiff's counsel to Defendants' counsel, dated February 2, 2023.

15. Attached hereto as Exhibit G is a true and correct copy of letter from Defendants' counsel to Plaintiff's counsel, dated February 3, 2023.

16. Attached hereto as Exhibit H is a true and correct copy of Defendants' Responses and Objections to Lead Plaintiff's First Set of Interrogatories dated April 21, 2022.

17. Attached hereto as Exhibit I is a true and correct copy of Defendants' Responses and Objections to Lead Plaintiff's Second Set of Interrogatories dated July 25, 2022.

18. Attached hereto as Exhibit J is a true and correct copy of Deepak Mohan's LinkedIn Profile (as of February 17, 2023).

19. Attached hereto as Exhibit K is a true and correct copy of Scott Haines's

3

LinkedIn Profile (as of February 17, 2023).

20.    Attached hereto as Exhibit L is a true and correct copy of an excerpt of a deposition taken in this matter, dated December 16, 2022.

21.    Attached hereto as Exhibit M is a true and correct copy of CARB-00463865 (email containing a link to a document titled "Exec Breakfast 11 Jun 2019 FINAL.pptx").

22.    Attached hereto as Exhibit N is a true and correct copy of CARB-00062362 (PowerPoint presentation titled "Executive Breakfast, June 11th 2019").

23.    Attached hereto as Exhibit O is a true and correct copy of PLTF_CILJPT_0000569 (email produced by Plaintiff) and the extracted text of PLTF_CILJPT_0000569 produced therewith.

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Boston, Massachusetts on February 17, 2023.

*/s/ Nigel Tamton*
Nigel Tamton (BBO# 696396)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
nigel.tamton@skadden.com

*Counsel for Defendants*

4