# EXHIBIT B

*(Letter from Defendants' Counsel to Plaintiff's Counsel dated May 2, 2022)*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

500 BOYLSTON STREET
BOSTON, MASSACHUSETTS 02116
———
TEL: (617) 573-4800
FAX: (617) 573-4822
www.skadden.com

FIRM/AFFILIATE OFFICES
————
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

May 2, 2022

David Rosenfeld
Robert Gerson
Philip Merenda
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747

RE:    Luna v. Carbonite, Inc., et al., No. 19-11662-LTS

Dear Counsel:

On behalf of Defendants Carbonite, Inc. ("Carbonite"), Mohamad S. Ali and Anthony Folger (collectively, "Defendants"), I am writing to inform you that it has recently come to Defendants' attention that Carbonite inadvertently did not preserve the Carbonite email account of former Carbonite employee, Jamie Zajac.

As a practical matter, we expect this will have no impact on Lead Plaintiff's discovery efforts given that (i) Ms. Zajac was but one of many Carbonite employees who worked on VME, is not a named defendant in this case and was not among the more than 120 Carbonite employees you identified in Lead Plaintiff's initial disclosures, and (ii) Carbonite has preserved the email accounts of Ms. Zajac's coworkers at Carbonite who worked on VME with her, including her direct supervisor, Chris Petersen, and therefore Ms. Zajac's relevant communications have been and will continue to be preserved.  Indeed, we ran a search across the universe of documents Defendants have already agreed to review for production from the ten agreed-upon custodians and understand that there are more than 10,000 documents on which Ms. Zajac is included in the "To," "From," "CC" or "BCC" fields (including more than 2,000 emails "From" Ms. Zajac).

As background, in early August 2019, Carbonite's in-house counsel assembled a list of Carbonite employees who may have relevant information regarding VME and the allegations in the Complaint for document preservation

David Rosenfeld
May 2, 2022
Page 2

purposes.  Ms. Zajac was identified at that time and included on a list of individuals whose documents Carbonite determined to preserve.

In order to preserve documents on Carbonite's email system belonging to those individuals, a former Carbonite paralegal typed the individuals' names onto a master spreadsheet.  Carbonite then shared that spreadsheet with Carbonite's information technology group, which implemented a technological hold that preserved the Carbonite email accounts of the employees listed on the spreadsheet.  Accordingly, in late 2019 (and throughout 2020 and 2021), Defendants had the understanding that Ms. Zajac's emails were being preserved.

In the process of commencing discovery in this matter in 2022, Defendants were surprised to find that Ms. Zajac's Carbonite email account had not been retained with the other email accounts that had been subject to a technological hold.  Upon learning that information, Defendants worked with OpenText's information technology group and in-house counsel to investigate the issue.[1]  In the course of that investigation, Defendants learned that Ms. Zajac's name -- and only her name -- had been mistakenly left off the abovementioned spreadsheet of employee names that Carbonite identified for document preservation purposes in 2019.  Therefore, a technological hold had not been implemented on Ms. Zajac's Carbonite email account.  Because Ms. Zajac's Carbonite email account was not subject to a technological hold, we understand that it was deleted shortly after she left Carbonite in December 2020 pursuant to Carbonite's default deletion policy for former employees not subject to a hold.

Upon learning of this issue, Defendants also worked with OpenText's information technology group to explore possible options for recovering Ms. Zajac's Carbonite email account.  As part of that work, Defendants inquired into whether it was possible to obtain Ms. Zajac's Carbonite laptop (which may have included a backup of Ms. Zajac's Carbonite email account).  However, because Ms. Zajac was mistakenly not included on the spreadsheet provided to Carbonite's information technology group, Ms. Zajac's Carbonite laptop was reimaged and redeployed shortly after her departure from Carbonite.  Defendants also retained a digital forensic expert to explore possible options for recovering Ms. Zajac's Carbonite email account.  That expert concluded that Ms. Zajac's Carbonite email account cannot be recovered.

---

[1]     As you know, Carbonite was acquired by OpenText in December 2019.

David Rosenfeld
May 2, 2022
Page 3

       As stated above, Defendants are bringing this matter to your attention in the interest of candor, but expect this issue to have no practical effect on your discovery efforts.  Further, to address any potential concerns you might have about obtaining more of Ms. Zajac's potentially relevant emails (beyond the more than 10,000 emails involving Ms. Zajac that Defendants have already agreed to review), Defendants have added Ms. Zajac's direct supervisor, Chris Petersen, to the list of custodians whose documents Defendants are reviewing for production.

Thank you,

/s/ Nigel Tamton

Nigel Tamton