# EXHIBIT E

*(Letter from Defendants' Counsel to Plaintiff's Counsel dated January 30, 2023)*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

500 BOYLSTON STREET

BOSTON, MASSACHUSETTS 02116

———

TEL: (617) 573-4800

FAX: (617) 573-4822

www.skadden.com

FIRM/AFFILIATE OFFICES

———

CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

January 30, 2023

David Rosenfeld
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, New York 11747

RE:   Luna v. Carbonite, Inc., et al.
      Civ. No. 19-11662-LTS (D. Mass.)

Dear David:

I write further to your letter sent on January 23, 2023 at 11:09 p.m. relating to document requests you raised after the close of document discovery.

As we stated in our January 19, 2023 letter, the requests raised in your January 17 and 23, 2023 letters are untimely. Under the schedule agreed by the parties and ordered by the Court, the deadline for the parties to complete document productions was September 23, 2022. The deadline for the parties to issue requests for the production of documents was January 13, 2023. The requests raised in your recent letters run afoul of those deadlines (which you agreed to in the joint scheduling proposal we submitted to the Court one year ago) and are improper on that basis alone.[1]

Further, as explained in our January 19, 2023 letter, your belated document requests are also inappropriate insofar as they seek to backtrack on our prior agreements regarding search terms and custodians, and to the extent they seek to impose additional document discovery burdens on Defendants that are not

---

[1]   Your January 23, 2023 letter asserts it is "far from remarkable" that your questions regarding Defendants' document productions arose "during the course of Lead Plaintiff's deposition preparation." Maybe so, but it is remarkable that you would wait until after depositions were conducted and after document discovery deadlines have passed to raise those questions. That inexplicable delay has made your recent requests untimely.

David Rosenfeld
January 30, 2023
Page 2

proportional to the needs of the case — particularly in light of the burdens Defendants have already undertaken in producing more than 185,000 documents last year (in contrast to the 56 documents produced by Lead Plaintiff).

Nonetheless, Defendants respond to the items raised in your January 23, 2023 letter as follows:

**1.** *Documents With Internal Hyperlinks*. Your January 17, 2023 letter requested that we provide you with certain documents that were hyperlinked to emails that we produced many months ago. An internal hyperlink in an email typically links to a point-in-time version of a website or a file located on a website or shared site. The website or file connected to the hyperlink is a document entirely independent of the email containing the hyperlink. The content or location of a linked website or file may change over time — particularly where (as here) the links at issue are several years old and were used by employees of a company that has since been acquired, no longer exists in the same form as it did when the links were created, and has archived certain of its servers that are no longer in use. For these reasons, the process of identifying what document was linked in email sent by a Carbonite employee many years ago is not at all straightforward.

We have determined that the hyperlinks in the documents produced with Bates numbers CARB-00019215, CARB-00034705, CARB-00045050, CARB-00066468, CARB-00094260, CARB-00125644 and CARB-00191783 contained globally unique identifiers ("GUIDs") that referred to locations in Carbonite's O365 environment, which is no longer in operation. The GUIDs for these documents cannot be used to trace the documents to their current locations. Accordingly, the documents hyperlinked to the emails listed above cannot be reasonably located.

**2.** *Chats Referenced In CARB-00192859.* Your January 17, 2023 letter requested that we produce purported chat messages referenced in an email Bates-stamped CARB-00192859, which was produced about six months ago on July 22, 2022. Your January 23, 2023 letter then requested for the first time that we reproduce all chat messages in their native format. As stated in our January 19, 2023 letter, we already produced responsive chat messages that we were able to find pursuant to a reasonable search proportional to the needs of the case — including responsive chat messages from the conversation referenced in CARB-00192859 (e.g., CARB-00292398). Your request for additional chat messages — apparently based on your review of a document you have had for six months — is untimely and improper. Similarly, your new request for native copies of all chat messages previously produced is also untimely and improper. Defendants never agreed to

David Rosenfeld
January 30, 2023
Page 3

produce native copies of chat messages and will not revisit our prior agreements regarding the production of chat messages now.

**3.** *Document Referenced In CARB-00094260.* Your January 17, 2023 letter requested documents purportedly referenced in CARB-00094260, an email that was produced on June 24, 2022 (seven months ago). We reiterate that it is unclear whether the documents referenced in CARB-00094260 ever existed, and if they did, it is unclear where they may have been stored. Mr. Haines was not an agreed-upon document custodian and is no longer employed by Carbonite or OpenText. It is unreasonable to ask us at this juncture to undertake an expansive search for those documents.

Your January 23, 2023 letter then asked us why Mr. Haines and Deepak Mohan were not included in Defendants' response to Interrogatory No. 1 of Lead Plaintiff's Second Set Of Interrogatories as individuals whose email accounts were preserved. The request for information in your January 23, 2023 letter is not a formal interrogatory and we are not obligated to respond. In any event, Mr. Haines and Mr. Mohan left Carbonite before Carbonite's July 25, 2019 announcement that VME was being withdrawn and before this action was filed (in Mr. Mohan's case, many months before). Neither individual is identified in the Amended Complaint, either as a named defendant or otherwise, and neither individual was one of our agreed-upon document custodians. Defendants have produced more than 4,000 emails with Mr. Mohan on the To/From/CC/BCC fields, and more than 27,000 emails with Mr. Haines on the To/From/CC/BCC fields. No further document review or production regarding these individuals could be warranted at this time.

**4.** *Text Messages.* Your January 17, 2023 letter requested that we produce text messages referenced in an email Bates-stamped CARB-00461131, which was produced on September 23, 2022 (four months ago), and text messages exchanged between Mr. Ali and Mr. Beeler related to VME. Your January 23, 2023 letter reiterated your request for text messages. We reiterate the objections to your request set forth in our January 19, 2023 letter. Notwithstanding those objections, we have searched Mr. Ali's personal phone using the search terms and date range that we previously agreed upon and can confirm there are no responsive texts.

**5.** *Documents Referenced During The January 20, 2023 Deposition Of Paddy Sreenivasan.* Your January 23, 2023 letter requested for the first time that we produce certain documents mentioned during the January 20, 2023 deposition of Paddy Sreenivasan. Those new requests and our responses are summarized below:

David Rosenfeld
January 30, 2023
Page 4

- You requested two documents hyperlinked to CARB-00104757, a document you have had for approximately six months.  After conferring with OpenText, we were able to locate one of the two documents and are reviewing that document for potential production this week.  We were unable to reasonably locate the other document for the reasons described in our response to item No. 1 above.

- You requested a chat message purportedly referenced in CARB-00188334, a document you have had for approximately six months.  We will not be producing this for the reasons articulated in our response to item No. 2 above.

- You requested "any other relevant Microsoft Teams messaging."  We will not be making a search or production in response to this request for the reasons articulated in our response to item No. 2 above.

Sincerely,

/s/ Nigel Tamton

Nigel Tamton