# EXHIBIT F

*(Letter from Plaintiff's Counsel to Defendants' Counsel dated February 2, 2023)*

**ROBBINS GELLER**
**RUDMAN & DOWD** LLP

| Boca Raton | Melville | San Diego |
|---|---|---|
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

David A. Rosenfeld
drosenfeld@rgrdlaw.com

February 2, 2023

<u>VIA EMAIL</u>

Nigel Tamton, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
500 Boylston Street
Boston, Massachusetts 02116

> Re:   *Luna v. Carbonite, Inc. et al.,*
> <u>Case No: 1:19-cv-11662-LTS</u>

Dear Nigel:

I write to briefly respond to your January 30, 2023 letter ("Tamton Letter") to see if the parties can narrow or resolve the following issues in advance of Plaintiff's anticipated motion to compel and for additional discovery.  As set forth in our prior correspondence on these issues, Plaintiff maintains that Defendants have failed to comply with their discovery obligations, as required by the Federal Rules of Civil Procedure and the agreement of the parties.

As an initial matter, Plaintiff disagrees with your contention that its requests are untimely. The close of fact discovery is not until tomorrow, February 3, 2023, and the requested documents are documents that were required to be produced by Defendants in response to Lead Plaintiff's First Request For Production Of Documents – but were not.  While you point out that the last day for document production was September 23, 2022, the deadline for production is clearly not the deadline for review and follow up.  Indeed, it would be impossible to review all the documents produced as of September 23, 2022 on that same day.

Plaintiff diligently reviewed documents as they were produced.  As Plaintiff prepared for depositions, it became aware of serious gaps in Defendants' production and immediately informed Defendants of those deficiencies.  Plaintiff also learned: (i) that Defendants failed to disclose the identity of several key employees who worked on VME in leadership roles; and (ii) that Defendants failed to take steps to preserve the documents of these key individuals (and others).  Despite notifying Defendants of these failures, Defendants have inexplicably still not updated their interrogatory responses to list these individuals, as required by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(e)(1).

**Robbins Geller**
**Rudman & Dowd** LLP

Nigel Tamton, Esq.
February 2, 2023
Page 2

Documents with Internal Hyperlinks

The Agreed-On Form of Production in this case requires the parties to "use their best efforts to collect and produce documents that are links in emails . . . ." Agreed-On Form of Production at ¶7. Based on the response in your letter, it appears that *no effort* was used to collect and produce these documents, and no steps were taken to preserve these documents. Indeed, you state very clearly that these documents are linked to an environment "which is no longer in operation." Tamton Letter, at 2. In other words, it appears these documents were not preserved, as required.[1] Plaintiff intends to ask the Court for an opportunity to take discovery into when these links and their host environment were destroyed, and seek an appropriate remedy and/or sanction, if warranted. Such discovery shall be conducted at the expense of Defendants.

Tiger Team and other Chats

There is no deadline by which Plaintiff was required to request that documents be produced in native format, nor have Defendants suggested there is one. On the contrary, consistent with the Agreed-On Form of Production, Plaintiff reached out to request that the chats be reproduced in native format only after attempting to review the produced chat messages in non-native format, but finding them difficult, if not impossible, to decipher and connect.

To that end, Plaintiff intends to request that the Court compel production of all requested chats in native format.

Failure to Identify Appropriate Custodians and Preserve their Documents

Based on your response, it appears that the requested documents belonging to Messrs. Haines and Mohan were destroyed at some point in time after it became reasonable to anticipate this litigation, or after this litigation was commenced. If that is not the case, and their documents still exist, please let us know and we will ask the Court to compel their production.[2]

---

[1]    To the extent the servers that you note as no longer being in use are accessible and contain responsive documents, those servers must be searched and the requested documents produced. If Defendants do not agree to conduct such a search, Plaintiff will ask the Court to compel their production.

[2]    At yesterday's desposition, Plaintiff also requested the production of the document titled E:\Documents CARBONITE\Decks\2019 Planning Product Section.pptx (the "2019 Product Planning Deck"), which, according to Carbonite, "contained the 2019 strategic roadmap for Carbonite's product offering" and "is the single most important document relating to Carbonite's 2019 product offering and vision." *See* Mohan Ex. 21 at ¶63. Please let us know if this document will be produced or if Plaintiff needs to move to compel its production.

**Robbins Geller
Rudman & Dowd** LLP

Nigel Tamton, Esq.
February 2, 2023
Page 3


As you are aware, Mr. Mohan testified that he was the person responsible for the "[o]verall project of VME delivery" during his time at Carbonite (*see* Mohan Rough Dep. Tr. at 23:1-6), and Mr. Haines was a principal technical program manager. Given that both of these individuals were very much involved with VME – in particular Mr. Mohan, who was in charge of the entire VME project – their documents should have been preserved. Plaintiff intends to ask the Court for an opportunity to take discovery into when their documents were destroyed and why their documents were not preserved, and seek an appropriate remedy and/or sanction, if warranted.[3] Such discovery shall be conducted at the expense of Defendants.

*        *        *

We look forward to speaking with you at 9 am on Friday, in the hopes that these issues can be resolved or narrowed before bringing them to the Court's attention. Plaintiff also intends to ask the Court to extend the discovery deadline so these issues can be appropriately dealt with and that, if necessary, Plaintiff be allowed to re-take depositions of those previously deposed based on new information learned in this process.

Very truly yours,

David A. Rosenfeld

---

[3] Plaintiff also intends to request discovery into the destruction and failure to preserve the documents of Jamie Zajac, who was described by Rob Beeler as "the most important person on the [VME] project." CARB-00044008. Plaintiff intends to seek an appropriate remedy and/or sanction, if warranted, for the destruction of Ms. Zajac's documents.