UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RUBEN A. LUNA, individually and on behalf of :
all others similarly situated,

                               :

                 Plaintiff,             Civil Action

       v.                       : No. 19-11662-LTS
                                    (Consolidated)

CARBONITE, INC., MOHAMAD S. ALI and   :
ANTHONY FOLGER,                     **ORAL ARGUMENT REQUESTED**

                               :

              Defendants.

                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Defendants Carbonite, Inc.

("Carbonite"), Mohamad S. Ali, and Anthony Folger (collectively, "Defendants") hereby move

for summary judgment in their favor on all counts of the Amended Complaint (ECF No. 45) filed

by Lead Plaintiff Construction Industry and Laborers' Joint Pension Trust (the "Trust") on the

basis that the undisputed facts show that Defendants are entitled to judgment thereon as a matter

of law.  The grounds for this Motion are set forth in the accompanying memorandum of law.

This Motion also is supported by (i) Defendants' Local Rule 56.1 Statement Of

Material Facts As To Which There Is No Genuine Issue To Be Tried,[1] (ii) the Transmittal

Declaration Of Nigel Tamton, Esq. In Support Of Defendants' Motion For Summary Judgment

and exhibits thereto, and (iii) the Transmittal Declaration Of Nigel Tamton, Esq. In Support Of

---

[1] Pursuant to the Standing Order Regarding Briefing Of Summary Judgment Motions For Judge Leo T. Sorokin's Session, Defendants are filing herewith their Local Rule 56.1 Statement Of Material Facts As To Which There Is No Genuine Issue To Be Tried so that Lead Plaintiff may prepare responses thereto.  Defendants anticipate that a unified Statement of Facts will be submitted in due course pursuant to the Court's Standing Order.

Defendants' Motion For Summary Judgment (Confidential Discovery Documents) and exhibits thereto, all of which are filed herewith.

As Defendants' memorandum of law explains in further detail, the entry of summary judgment in Defendants' favor is required as a matter of law for the following reasons:

(i)     The Trust cannot prove the loss causation element of its claim under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), because the Trust cannot carry its burden of proving that its purported losses were caused by Defendants' alleged misrepresentations. The Trust asserts that Defendants made fraudulent statements in 2018 regarding the Carbonite Server VM Edition product ("VME") and that the Trust suffered economic losses when Carbonite's stock price declined in July 2019 following Carbonite's withdrawal of VME. But the Trust cannot show that any 2018 statements regarding VME had any effect on Carbonite's stock price, and cannot show what (if any) portion of Carbonite's July 2019 stock price decline was attributable to statements regarding VME and not to other factors, such as the contemporaneously-announced departure of Carbonite's chief executive officer Mr. Ali and the company's reduction in its 2019 revenue guidance.

(ii)    The Trust cannot prove the falsity element of its Section 10(b) claim because it cannot prove the statements about VME that it asserts are misrepresentations are actionably false statements rather than nonactionable statements of mere optimism. Discovery has established that the VME product that the Trust asserts "never worked" (Doc. No. 45 at 5 (¶ 6)) did in fact work successfully for many customers.

2

(iii)     The Trust cannot prove the scienter element of its Section 10(b) claim because it cannot prove that Mr. Ali and Mr. Folger made the statements about VME which the Trust asserts to be misrepresentations with actual knowledge of their falsity (or with recklessness as to their truth or falsity) in view of what the discovery record shows about Mr. Ali's and Mr. Folger's knowledge of VME at the time they made those statements.

Because the Trust cannot prove these required elements of its Section 10(b) claim, entry of summary judgment in Defendants' favor is also required as a matter of law on the Trust's claim under Section 20(a) of the Securities Exchange Action, 15 U.S.C. § 78t(a), for the reason that its Section 20(a) claim is entirely derivative of its Section 10(b) claim.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendants respectfully request oral argument on this Motion.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Counsel for Defendants hereby certify that they have conferred with counsel for the Trust, who have advised that the Trust opposes the relief requested.

3

Dated: June 2, 2023
     Boston, Massachusetts

Respectfully submitted,

*/s/ James R. Carroll*
James R. Carroll (BBO #554426)
Kurt Wm. Hemr (BBO #638742)
Alisha Q. Nanda (BBO #657266)
Nigel Tamton (BBO #696396)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
kurt.hemr@skadden.com
alisha.nanda@skadden.com
nigel.tamton@skadden.com

*Counsel for Defendants*
*Carbonite, Inc., Mohamad S. Ali,*
*and Anthony Folger*