UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUBEN A. LUNA, Individually and on Behalf of All Others Similarly Situated, ) ) ) ) Plaintiff, ) ) v. ) CARBONITE, INC., MOHAMAD S. ALI and ANTHONY FOLGER, ) ) ) Defendants. ) | Civil No. 19-11662-LTS |

ORDER ON LEAD PLAINTIFF'S MOTION TO
COMPEL AND FOR ADDITIONAL DISCOVERY (DOC. NO. 115)

July 14, 2023

SOROKIN, J.

Lead Plaintiff Construction Industry and Joint Laborers' Pension Trust ("the Trust") filed a motion to compel production of a variety of additional documents coupled with a request to extend fact discovery to permit the Trust to review the additional discovery and, if the Trust so seeks, re-call witnesses for further deposition examination on the information disclosed in the course of this process. Doc. Nos. 115, 116-1. This Motion is DENIED, with one exception, for several reasons.

First, while the Motion is timely in the sense that the Trust filed it prior to the end date established in the scheduling order for motions to compel (within seven days after the conclusion of fact discovery), Doc. No. 79 at 2–3, the timing of the Motion nonetheless weighs against allowing the Motion. The outcome the Trust seeks would substantially delay resolution of the case by now extending fact discovery. Virtually all of the further discovery the Trust seeks is

document discovery—specifically, documents internally linked in emails, documents of two former employees (Haines and Mohan), and discovery into Defendants' discovery process and the potential or alleged consequences resulting from Defendants' actions or inactions. See Doc. No. 116-1. Document production began in earnest by Defendants in May or June of 2022. See Doc. No. 121 at 14. Review of the production would (and did) reveal most of these concerns of the Trust, but addressing them during the fact discovery period and prior to the depositions is preferable. In light of all of these considerations, the timing of the Motion weighs against allowing it.[1]

Second, much of the information the Trust seeks as thus far not disclosed has been at least partially disclosed in other ways. For example, the two custodians the Trust now wants Defendants to search had numerous interactions with other persons whose documents were produced (e.g., they were active on or copied on email chains with these other persons), suggesting that many of the responsive documents were already produced. In addition, neither custodian was named/agreed upon by the parties initially as a custodian to be searched, both left the company before the announcement triggering the stock decline (Mohan apparently left nearly a year before the commencement of this litigation), and the Trust deposed Mohan and never noticed the deposition of Haines. See id. at 15, 17. The hyperlinked and other documents the

---

[1] At the hearing held on July 11, 2023, the Trust described requests for additional categories of discovery not included in their Motion to Compel. The Trust now apparently seeks discovery into the reasons for Defendants' alleged failure to preserve the documents of an additional individual not mentioned in the Motion—an engineer who left Carbonite in 2021. This request was not included in the Trust's Motion, the parties did not confer on this request, months have passed since the deadline for motions to compel set in the Court's scheduling order, and the Trust has advanced no good cause as to why this issue was not raised earlier. This request is DENIED. Similarly, to the extent the Trust now seeks to compel production of text messages other than the chats referenced in its Motion, that request is DENIED for the same reasons.

Trust seeks, as Defendants explain, have been somewhat captured by other searches. See id. at 10–12.

Third, while the Trust identifies all that they seek as relevant, they have not demonstrated that any of the further discovery they seek has great significance to disputed issues.

Finally, in light of the totality of the circumstances, the additional discovery the Trust seeks is not proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

The one exception to the Court's conclusions above is the Trust's request for production of chat messages in native format. Doc. No. 116-1 at 5–6. Some information suggests the chat messages might be not just relevant but directly probative on central issues in this case. The Trust raises the reasonable concern that as presently produced the chat messages are difficult, if not impossible, to understand because the messages are not produced in thread or chronological format. Id. Defendants assert that "the native versions appear substantially identical to the versions that have already been reviewed and produced." Doc. No. 121 at 20. But Defendants do not dispute the challenges the Trust raises about the understandability of the chats in the presently produced PDF format, nor have Defendants explained how the Trust may meaningfully understand these chat PDFs. Defendants shall produce the "Tiger Team" and "Get VME Healthy" chat threads in native format or, by agreement, in another comprehensible format. The parties shall confer regarding the form of the production within seven days of the date of this Order.

Accordingly, the Motion to Compel (Doc. No. 115) is ALLOWED IN PART as to two chat threads as described above but otherwise DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge