UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUBEN A. LUNA, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>CARBONITE, INC., et al.,<br><br>                Defendants. | No. 1:19-cv-11662-LTS<br>**(Consolidated)**<br><br><u>CLASS ACTION</u> |

**DECLARATION OF THOMAS CLEMENT IN SUPPORT OF: (1) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4)**

I, Thomas Clement, declare as follows:

1. I am a Fund Administrator at Wilson-McShane Corporation, the administrator for Lead Plaintiff Construction Industry and Laborers' Joint Pension Trust (the "Pension Trust"). In that role, on behalf of the Pension Trust, I am the primary person responsible for overseeing this litigation. I respectfully submit this Declaration in Support of: (1) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses, and an Award to Lead Plaintiff, in connection with its representation of the Class. I have personal knowledge of the statements herein and, if called upon as a witness, could and would competently testify thereto.

2. The Pension Trust understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors with large losses to manage and direct securities fraud class actions. In seeking appointment as Lead Plaintiff, the Pension Trust

understood its duty to represent the interests of the Class by supervising the prosecution of this Action.

3. Lead Counsel has vigorously prosecuted this case on behalf of the Class. Ultimately, after balancing the risks of trial and appeal against the immediate benefit of a $27,500,000 recovery, the Pension Trust agreed to settle the case on behalf of the Class.

4. As Lead Plaintiff and over the course of the litigation, I, on behalf of the Pension Trust, was kept fully informed regarding case developments and procedural matters. Specifically, I, on the Pension Trust's behalf: (a) engaged in numerous meetings, phone conferences, and correspondence with Lead Counsel; (b) reviewed pleadings and briefs; (c) reviewed detailed correspondence concerning the status of the litigation; (d) searched for and provided Lead Counsel with documents relevant to this litigation; (e) consulted with Lead Counsel regarding litigation and settlement strategy; (f) sat for a deposition in connection with Lead Plaintiff's motion for Class certification; (g) attended the July 11, 2023 hearing on Lead Plaintiff's motion for Class certification; and (h) was kept informed about all aspects of the mediation and settlement negotiations.

5. The Pension Trust has evaluated the significant risks and uncertainties of continuing litigation, including the possibility of a nominal recovery or even no recovery at all, and has authorized Lead Counsel to settle this litigation for $27,500,000. The Pension Trust is aware of the possibility of losing defendants' pending motions: (i) for summary judgment; and (ii) to decertify the Class, or trial and that, even if Lead Plaintiff were to prevail at each of these steps, defendants would likely appeal, further delaying any recovery for the Class. The Pension Trust believes this Settlement is fair and reasonable, represents an excellent recovery, and is in the best interest of the Class.

6.      While I recognize that the determination of attorneys' fees and expenses is made by the Court, I believe that Lead Counsel's request for an award of attorneys' fees of 33-1/3% of the Settlement Amount and their litigation expenses, plus interest on both amounts, is fair and reasonable, as this Settlement would not have been possible without Lead Counsel's diligent and aggressive prosecutorial efforts.

7.      Since the Pension Trust's involvement starting in 2019, my predecessor and I have expended approximately 56 hours on the prosecution of this litigation, which would otherwise have been focused on daily business activities of the Pension Trust.  Based upon the time that we spent acting for the benefit of the Class, and our overall level of compensation and benefits, I believe the Pension Trust's request for an award of $14,000 is appropriate.

8.      In light of the foregoing, the Pension Trust respectfully requests that the Court grant final approval of the Settlement and the plan of allocation, approve Lead Counsel's motion for an award of attorneys' fees and expenses, and grant the Pension Trust's request for a $14,000 award for the time expended in representing the Class in the litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 3 day of April, 2024, in Kansas City, Missouri.

THOMAS CLEMENT

**CERTIFICATE OF SERVICE**

I, David A. Rosenfeld, hereby certify that on April 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ David A. Rosenfeld*

DAVID A. ROSENFELD
