UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUBEN A. LUNA, Individually and on Behalf of All Others Similarly Situated, <br><br>                Plaintiff, <br><br>   vs. <br><br>CARBONITE, INC., et al., <br><br>                Defendants. | No. 1:19-cv-11662-LTS <br>**(Consolidated)** <br><br>CLASS ACTION <br><br>DECLARATION OF DAVID A. ROSENFELD FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES |

4890-9446-9293.v2

I, David A. Rosenfeld, declare as follows:

1.      I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm").  I am submitting this declaration in support of the application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2.      This Firm is Lead Counsel of record for Lead Plaintiff Construction Industry and Laborers' Joint Pension Trust, and the Class herein.

3.      The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4.      After the reductions referred to above, the number of hours spent on the Litigation by the Firm is 14,785.70.  A breakdown of the lodestar is provided in the attached Exhibit A.  The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $9,257,286.00.  The hourly rates shown in Exhibit A are the Firm's current rates in contingent cases set by the Firm for each individual.  These hourly rates are consistent with hourly rates

- 1 -

4890-9446-9293.v2

submitted by the Firm to state and federal courts in other securities class action litigation.  The

Firm's rates are set based on periodic analysis of rates charged by firms performing comparable

work both on the plaintiff and defense side.  Different timekeepers within the same employment

category (*e.g.*, partners, associates, paralegals, etc.) may have different rates based on a variety of

factors, including years of practice, years at the Firm, years in the current position (*e.g.*, years as a

partner), relevant experience, relative expertise, and the rates of similarly experienced peers at this

Firm or other firms.  For personnel who are no longer employed by the Firm, the "current rate"

used for the lodestar calculation is based upon the rate for that person in his or her final year of

employment with the Firm.

5.      The Firm seeks an award of $474,063.11 in expenses and charges in connection

with the prosecution of the Litigation.  Those expenses and charges are summarized by category

in the attached Exhibit B.

6.      The following is additional information regarding certain of these expenses:

(a)      Filing, Witness and Other Fees: $5,845.10.  These expenses have been paid

to the Court for filing fees and to attorney service firms or individuals who either: (i) served process

of the complaint or subpoenas; (ii) obtained copies of court documents for Lead Plaintiff or (iii)

witness fees.  The vendors who were paid for these services are set forth in the attached Exhibit C.

(b)      Business Wire: $545.45.  This expense was necessary under the Private

Securities Litigation Reform Act of 1995's ("PSLRA") "early notice" requirements, which

provides, among other things, that

> Not later than 20 days after the date on which the complaint is filed, the
> plaintiff or plaintiffs shall cause to be published, in a widely circulated national
> business-oriented publication or wire service, a notice advising members of the
> purported plaintiff class – (I) of the pendency of the action, the claims asserted
> therein, and the purported class period; and (II) that, not later than 60 days after the

4890-9446-9293.v2

date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

*See* 15 U.S.C. §78u-4(a)(3)(A)(i).

(c)    Transportation, Hotels and Meals: $31,951.05.   In connection with the prosecution of this case, the Firm has paid for travel expenses to, among other things, attend court hearings and take or defend depositions.  The date, destination, and purpose of each trip is set forth in the attached Exhibit D.

(d)    Court Hearing Transcripts and Deposition Reporting, Transcripts and Videography: $48,151.60.  The vendors who were paid for these services are listed in the attached Exhibit E.

(e)    Experts/Consultants/Investigators: $310,058.60.

(i)    Tasta Group (d/b/a Caliber Advisors, Inc.): $229,254.20.  Through Caliber Advisors, Lead Plaintiff retained the services of Bjorn I. Steinholt, CFA ("Steinholt"), who provided his expert opinion on: (i) market efficiency, in connection with Lead Plaintiff's motion for Class certification; (ii) materiality and loss causation issues; and (ii) damages. Steinholt's services included: (i) consulting with counsel; (ii) reviewing and analyzing numerous documents produced by the parties in discovery; (iii) reviewing and analyzing the expert reports submitted by Defendants' experts Stewart Mayhew and Paul Gompers; (iv) drafting three expert reports, including one report on market efficiency issues (served on September 16, 2022), an opening report on materiality, loss causation and damages issues (served on February 17, 2023), and a report rebutting the opinions of defense expert Gompers (served on March 17, 2023); (v) being deposed by defense counsel in connection with his materiality, loss causation and damages analyses on May 8, 2023; (vi) assisting counsel with Lead Plaintiff's opposition to Defendants'

- 3 -

motion for summary judgment on loss causation issues; (vii) calculating various damages estimates for use at the mediation; and (viii) preparing the plan of allocation.

(ii)    Berkeley Research Group, LLC (d/b/a East Bay Dispute & Advisory LLC): $70,452.42.  Through Berkeley Research group, Lead Plaintiff retained the services of Ronald S. Schnell ("Schnell"), who provided his expert opinion on: (i) the features and functionality of VME; (ii) the development methodologies for VME; (iii) the efficacy of the development of VME; (iv) any security issues and/or defects with VME; and (v) the quality and readiness of VME at the time of its launch and subsequent general availability. Schnell's services included: (i) consulting with counsel; (ii) reviewing and analyzing numerous documents produced by the parties in discovery; (iii) reviewing and analyzing the expert reports submitted by Defendants' experts Jon Weissman and Douglas C. Schmidt; (iv) drafting two expert reports, including a 28-page report with exhibits served on February 17, 2023 and a 22-page expert report rebutting the opinions of defense experts Weissman and Schmidt served on March 17, 2023; and (v) and being deposed on April 25, 2023 by defense counsel in connection with his expert opinions.

(iii)    Valuescope, Inc.: $10,351.98.  Scott Hakala at ValueScope acted as a consultant for calculating class-wide damages.

(f)    Outside Counsel: $14,860.51.

(i)    The Law Offices of Joseph M. McMullen: $7,210.51.  The Law Offices of Joseph M. McMullen prepared for and defended the October 26, 2022 deposition of Ryan Ross, former portfolio manager of Bernzott Capital Advisors, Inc.  The deposition took place in Agoura Hills, California.

- 4 -

(ii)    Freiberger Haber LLP: $7,650.00.  The law firm of Frieberger Haber LLP provided legal services to a confidential witness that assisted Lead Counsel in their investigation of the allegations of the Amended Complaint.

(g)    Outside Photocopies: $62.79.  In connection with this case, the Firm paid outside copy vendors to print documents for depositions.

(h)    Online Legal and Financial Research: $17,132.37.  This category includes vendors such as LexisNexis, Refinitiv, Transunion Acquisition, and Westlaw.  These resources were used to obtain access to SEC filings, factual databases, legal research, and for proofreading and "blue-booking" court filings (including checking all legal authorities cited and quoted in briefs).  This category represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation.  The charges for these vendors vary depending upon the type of services requested.  For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services.  When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated.  At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period.  As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients.  For example, the "market-rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(i)    eDiscovery Database Hosting: $24,445.10.  Robbins Geller requests $24,445.10 for hosting eDiscovery related to this Litigation.  Robbins Geller has installed top tier

4890-9446-9293.v2

database software, infrastructure, and security. The platform implemented, Relativity, is offered by over 100 vendors and is currently being used by 198 of the AmLaw200 firms. Over 50 servers are dedicated to Robbins Geller's Relativity hosting environment with all data stored in a secure SSAE 18 Tier III data center with automatic replication to a datacenter located in a different geographic location. By hosting in-house, Robbins Geller is able to charge a reduced, all-in rate that includes many services which are often charged as extra fees when hosted by a third-party vendor. Robbins Geller's hosting fee includes user logins, ingestion, processing, OCRing, TIFFing, bates stamping, productions, and archiving – all at no additional per unit cost. Robbins Geller is able to provide all these services for a cost that is typically much lower than outsourcing to a third-party vendor. Utilizing a secure, advanced platform in-house has allowed Robbins Geller to prosecute actions more efficiently, utilize advanced AI technology, and has reduced the expense associated with maintaining and searching electronic discovery databases. Similar to third-party vendors, Robbins Geller uses a tiered rate system to calculate hosting charges. The amount requested reflects charges for the hosting of over five hundred thousand pages of documents produced by parties and non-parties in this action.

(j)     Mediation Fees: $41,450.00. Phillips ADR Enterprises, P.C. These are the fees of the mediator, David M. Murphy, who conducted a mediation session with the parties, as well as numerous pre- and post-mediation telephonic conferences with the parties leading to the settlement of the Litigation.

7.     The expenses pertaining to this case are reflected in the books and records of this Firm. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

4890-9446-9293.v2

8.    The identification and background of my Firm and its partners is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 10th day of April, 2024, at Melville, New York.

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

4890-9446-9293.v2

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on April 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a Notice of Electronic Filing to all counsel of record.

_/s/ David A. Rosenfeld_
DAVID A. ROSENFELD