UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUBEN A. LUNA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CARBONITE, INC., et al., <br><br> Defendants. | No. 1:19-cv-11662-LTS <br> **(Consolidated)** <br><br> <u>CLASS ACTION</u> <br><br> REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES, CHARGES AND COSTS AND AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

4869-3915-1034.v1

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiff Construction Industry and Laborers' Joint Pension Trust, on behalf of the proposed Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of: (i) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (ii) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses, Charges and Costs and Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4).[1]

## I.    PRELIMINARY STATEMENT

In accordance with the Court's Order Preliminarily Approving Settlement and Providing for Notice (ECF 178) (the "Preliminary Approval Order"), the Court-approved Claims Administrator for the Settlement, Gilardi & Co. LLC ("Gilardi"), conducted an extensive notice program, including mailing or emailing over 14,200 Postcard Notices to potential Class Members and their nominees.[2] The Postcard Notice directed Class Members to the settlement website and the long form Notice which informed recipients of, among other things, the essential terms of the $27,500,000 Settlement, the Plan of Allocation, and Lead Counsel's intention to apply to the Court for attorneys' fees in an amount not to exceed 33-1/3% of the Settlement Amount and payment of litigation expenses, costs and charges in an amount not to exceed $600,000, plus interest on both amounts.  In addition, the Notice and Proof of Claim and Release form, along with the papers in support of final approval of the Settlement, the Plan of Allocation, and Lead Counsel's fee and expense requests, were made available on the website established for the Litigation, www.CarboniteSecuritiesLitigation.com.  The

---

[1]    All capitalized terms not defined herein have the same meanings set forth in the Stipulation of Settlement dated January 31, 2024.  *See* ECF 175.

[2]    *See* Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination and Requests for Exclusion Received to Date, dated May 6, 2024 ("Supp. Mailing Decl."), submitted herewith.

4869-3915-1034.v1

Summary Notice was published in the national edition of *The Wall Street Journal* and transmitted over *Business Wire* on February 29, 2024. *See* ECF 187, ¶12. The deadline to file an objection to any aspect of the Settlement or for persons to request exclusion from the Class (April 24, 2024) has now passed.

Lead Plaintiff and Lead Counsel are pleased to advise the Court ***that they have not received a single objection*** to any aspect of the Settlement, the Plan of Allocation, or the requested attorneys' fees and expenses, charges, or costs, or award to Lead Plaintiff. Nor were any requests for exclusion received. *See* Supp. Mailing Decl., ¶¶5-6. Additionally, the lead plaintiff appointed by the Court to prosecute, monitor, and oversee this securities fraud class action has expressly endorsed both the Settlement and Lead Counsel's requested attorneys' fees and expenses in a sworn declaration (*see* ECF 186, ¶¶5-6). The Lead Plaintiff's support and the total absence of objections are clear testaments to the fairness, adequacy, and reasonableness of the Settlement, the Plan of Allocation, and the fee and expense requests. Therefore, for all the reasons set forth in the briefs and declarations filed in support, the Court is requested to approve the Settlement, Plan of Allocation, and attorneys' fees, expenses and costs.

## II.    ARGUMENT

### A.    The Class' Reaction Strongly Supports Approval of the Settlement and the Plan of Allocation

Lead Plaintiff and Lead Counsel respectfully submit that the opening papers in support of the motion for final approval of the proposed $27,500,000 Settlement and Plan of Allocation amply demonstrate that the motion should be granted. Now that the time for objecting has passed, the Class' reaction also clearly supports approval.

Courts recognize that the "'favorable reaction of [the] class to settlement, albeit not dispositive, constitutes strong evidence of fairness of proposed settlement and supports judicial

approval.'"  *Hill v. State St. Corp.*, 2015 WL 127728, at *8 (D. Mass. Jan. 8, 2015) (citation omitted); *see also Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 77 (D. Mass. 1999) ("The number of requests for exclusion from the settlement, as well as the number and substance of objections filed . . . . constitutes strong evidence of fairness of proposed settlement and supports judicial approval.").  Following the extensive notice program undertaken in accordance with the Court's Preliminary Approval Order, the fact that there was *not a single* objection strongly supports approval of the Settlement.

In addition, there have been no objections to the Plan of Allocation.  As discussed in Lead Plaintiff's opening papers, just like the Settlement as a whole, the Plan of Allocation must be fair and reasonable.  *See Hill*, 2015 WL 127728, at *11 ("A plan for allocating settlement proceeds, like the settlement itself, should be approved if it is fair, reasonable and adequate.").  Here, Lead Counsel believes that the Plan of Allocation, which was developed after careful consideration and analysis and in consultation with a consulting damages expert, is fair and reasonable.  The Class' reaction provides additional strong support for approving the Plan of Allocation.

**B.    The Class' Reaction Also Strongly Supports Approval of Lead Counsel's Fee and Expense Requests**

As is true with the Settlement, not a single Class Member has objected to Lead Counsel's motion for an award of attorneys' fees of 33-1/3% of the Settlement Fund, payment of litigation expenses, charges and costs of $475,395.89, and an award of $14,000 to Lead Plaintiff for its representation of the Class.  The fact that there are no objections is strong evidence that the requested amount of fees and expenses is reasonable.  *See, e.g.*, *Hill*, 2015 WL 127728, at *19 ("[T]he favorable reaction of the class . . . support[s] approval of the requested fees."); *Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 351 (D. Mass. 2015) (finding "overwhelmingly positive"

4869-3915-1034.v1

reaction of class to settlement and "quite low number of opt-outs" weighed in favor of requested fee), *aff'd*, 809 F.3d 78 (1st Cir. 2015).

## III.    CONCLUSION

For the foregoing reasons and the reasons detailed in Lead Plaintiff's and Lead Counsel's opening papers, Lead Plaintiff and Lead Counsel respectfully request that the Court approve: (i) the Settlement; (ii) the Plan of Allocation; and (iii) Lead Counsel's request for attorneys' fees and litigation expenses, charges and costs, including an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4).  Proposed orders are submitted herewith.

DATED:  May 8, 2024                     Respectfully submitted,

                                        ROBBINS GELLER RUDMAN
                                          & DOWD LLP
                                        SAMUEL H. RUDMAN
                                        DAVID A. ROSENFELD (admitted *pro hac vice*)
                                        ROBERT D. GERSON (admitted *pro hac vice*)


                                                    */s/ David A. Rosenfeld*
                                        _____
                                             DAVID A. ROSENFELD

                                        58 South Service Road, Suite 200
                                        Melville, NY  11747
                                        Telephone:  631/367-7100
                                        631/367-1173 (fax)
                                        srudman@rgrdlaw.com
                                        drosenfeld@rgrdlaw.com
                                        rgerson@rgrdlaw.com

                                        ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                        ELLEN GUSIKOFF STEWART (admitted *pro hac vice*)
                                        655 West Broadway, Suite 1900
                                        San Diego, CA  92101-8498
                                        Telephone: 619/231-1058
                                        619/231-7423 (fax)
                                        elleng@rgrdlaw.com

                                        Lead Counsel for Lead Plaintiff

- 4 -

HUTCHINGS BARSAMIAN MANDELCORN, LLP
THEODORE M. HESS-MAHAN, BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA  02481
Telephone:  781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

Local Counsel

- 5 -

**CERTIFICATE OF SERVICE**

I, David A. Rosenfeld, hereby certify that on May 8, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD