UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RUBEN A. LUNA, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:19-cv-11662-LTS **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND LITIGATION |
| CARBONITE, INC., et al., | ) ) | EXPENSES, CHARGES AND COSTS AND AWARD TO LEAD PLAINTIFF |
| Defendants. | ) ) ) | PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

This matter having come before the Court on May 15, 2024, on the motion of Lead Counsel for an award of attorneys' fees, litigation expenses, charges and costs, and award to Lead Plaintiff (the "Fee Motion") (ECF 183), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Order incorporates by reference the definitions in the Stipulation of Settlement dated January 31, 2024, ECF 175 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2.    This Court has jurisdiction over the subject matter of this application and all matters relating thereto, as well as personal jurisdiction over all of the parties and each of the Class Members.

3.    Notice of the Fee Motion was given to all Class Members who could be located with reasonable effort.  The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to persons and entities entitled thereto.

4.    The Court hereby awards Lead Counsel attorneys' fees of 33-1/3% of the Settlement Amount, plus expenses in the amount of $475,395.89, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5.     The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel immediately upon execution of the Final Judgment and this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6.     In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a)     the Settlement has created a fund of $27,500,000 in cash, and numerous Class Members will benefit from the Settlement created through the efforts of Lead Counsel;

(b)     over 14,200 Postcard Notices were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 33-1/3% of the Settlement Amount and for expenses in an amount not to exceed $600,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

(c)     Lead Counsel pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d)     Lead Counsel expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e)     Lead Counsel pursued the Litigation on a contingent basis;

(f)     the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)     had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h)     public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(i)    the attorneys' fees and expenses awarded hereby are fair and reasonable and consistent with fee awards in similar cases in this Circuit.

7.    Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $14,000 to Lead Plaintiff Construction Industry and Laborers' Joint Pension Trust, to be paid from the Settlement Fund, for the time it spent directly related to its representation of the Class.

8.    Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.    In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: _____    _____
                                 THE HONORABLE LEO T. SOROKIN
                                 UNITED STATES DISTRICT JUDGE